## G. F. CONSTRUCTION, INC. *v.* CHERRY HILL CONSTRUCTION, INC.
### (14368)

Dupont, C. J., and Spear and Hennessy, Js.

Argued February 27—officially released July 9, 1996

*Gregory J. Sachs*, for the appellant (defendant).

*Terrence J. Molinari*, for the appellee (plaintiff).

HENNESSY, J. The defendant, Cherry Hill Construction, Inc., appeals from the order of the trial court granting a motion by the plaintiff, G. F. Construction, Inc., to open a default entered on the defendant's counterclaim and a judgment of nonsuit rendered on the complaint. The defendant claims that the trial court abused its discretion by opening the default and nonsuit and that it lacked authority to open the default and the nonsuit because the plaintiff failed to file affidavits in support of its motion to open within the four month period set forth by General Statutes § 52-212[1] and Practice Book § 377.[2]

The underlying action from which this appeal arises is based on the plaintiff's allegation that the defendant

---

[1] General Statutes § 52-212 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. . . ."

[2] Practice Book § 377 provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed . . . . Such written motion shall be verified by the oath of the complainant or his attorney . . . ."

breached a contract to perform excavation work on the plaintiff's property. The defendant denied the allegations in the plaintiff's complaint and, in a counterclaim, alleged that it performed the work required under the contract but has not been paid. On May 10, 1994, the trial court rendered a judgment of nonsuit against the plaintiff for failure to enter an appearance after its original counsel had withdrawn his appearance. On June 28, 1994, the trial court rendered a default against the plaintiff on the defendant's counterclaim for failure to appear for a pretrial conference. The court did not render judgment on the default. On September 1, 1994, the plaintiff filed a motion to open the default and the judgment of nonsuit. The plaintiff did not file the necessary affidavits until October 13, 1994, more than four months after the trial court rendered judgment. On November 22, 1994, the trial court granted the motion to open. The defendant appeals from the granting of that motion.

Before we address the questions presented by the plaintiff, we must address three jurisdictional issues. The first question is whether the fact that a judgment was not rendered on the counterclaim affects this court's jurisdiction. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). "The first alternative, termination of a separate and distinct proceeding, requires the order being appealed to be severable from the central cause to which it is related so that the main action can 'proceed independent of the ancillary proceeding.' " *In re Juvenile Appeal (85-AB)*, 195 Conn. 303, 307, 488 A.2d 778 (1985). "This means that the 'separate and distinct proceeding,' though related to the central cause, must be

severable therefrom. The question to be asked is whether the main action could proceed independent of the ancillary proceeding." *State* v. *Parker*, 194 Conn. 650, 654, 485 A.2d 139 (1984).

"Under our rules of practice, a counterclaim, if proper, is an independent action. See Practice Book §§ 116, 168, 169; *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 63, 485 A.2d 1296 (1985); see also *Schurman* v. *Schurman*, 188 Conn. 268, 270, 449 A.2d 169 (1982). *Home Oil Co.* v. *Todd*, 195 Conn. 333, 341, 487 A.2d 1095 (1985)." (Internal quotation marks omitted.) *Union Carbide Corp.* v. *Aetna Casualty & Surety Co.*, 212 Conn. 311, 318, 562 A.2d 15 (1989); see *Northeast Savings, F.A.* v. *Plymouth Commons Realty Corp.*, 229 Conn. 634, 641, 642 A.2d 1194 (1994). In this case, the complaint and the counterclaim are entirely independent and severable, and, as such, the first prong of *Curcio* is satisfied.

The next jurisdictional question is whether the lack of a judgment on the counterclaim deprives us of jurisdiction to determine whether the motion to open the default on the counterclaim was properly granted. Our case law clearly states that a default standing alone without a judgment concludes no one's rights and is not a final judgment. *Automotive Twins, Inc.* v. *Klein*, 138 Conn. 28, 33, 82 A.2d 146 (1951); *Connecticut National Bank* v. *Oxenhandler*, 30 Conn. App. 541, 549, 621 A.2d 300 (1993); *Ratner* v. *Willametz*, 9 Conn. App. 565, 574, 520 A.2d 621 (1987). Therefore, we dismiss that part of the defendant's appeal that concerns whether the trial court properly granted the motion to open the default.

Finally, we address the issue of whether the trial court's granting of a motion to open a judgment of nonsuit is an appealable final judgment. "[I]t is well established that an order opening a judgment ordinarily

is not a final judgment within [General Statutes] § 52-263. . . . [Our Supreme Court], however, has recognized an exception to this rule where the appeal 'challenges the power of the court to act to set aside the judgment.' *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 418, 426 A.2d 1324 (1980); 4 Am. Jur. 2d, Appeal and Error § 126." (Citations omitted.) *Solomon* v. *Keiser,* 212 Conn. 741, 746–47, 562 A.2d 524 (1989). In this case, the defendant argues that the trial court lacked the authority to open the judgment of nonsuit. In keeping with the holdings of *Solomon* v. *Keiser,* supra, 746–47, and *Connecticut Light & Power Co.* v. *Costle,* supra, 418, we address the defendant's appeal to the extent that it questions the authority of the trial court to open the judgment of nonsuit.

The defendant claims that the trial court lacked the authority to open the judgment because the plaintiff failed to file affidavits in support of its motion to open within the four month period required by General Statutes § 52-212 and Practice Book § 377.[3] The plaintiff argues that it filed the motion to open judgment in a timely manner, even though the affidavits required by the statute and rules of practice were filed more than four months after the judgment of nonsuit. The plaintiff contends that the affidavits served the purpose of the provisions of the statute and rules of practice and, therefore, are sufficient.

" 'Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment . . . rendered in the superior court may not be opened . . . unless a motion to open . . . is filed within four months succeeding the date on which it was rendered or passed.' General Statutes § 52-212a; Practice Book § 326. Unless the parties waive this time limitation, the trial court lacks jurisdiction to

---

[3] See footnotes 1 and 2.

entertain a motion to open filed more than four months after a decision is rendered." *Van Mecklenburg* v. *Pan American World Airways, Inc.*, 196 Conn. 517, 518, 494 A.2d 549 (1985).

The plaintiff did not file the necessary affidavits with the motion to open the nonsuit in a timely manner. Therefore, the motion was not proper, and the trial court was without jurisdiction to grant it.

The appeal is dismissed as to the challenge to the trial court's granting of the motion to open the default on the counterclaim; the order granting the motion to open the judgment of nonsuit is reversed and the case is remanded with direction to deny the motion to open the judgment of nonsuit.

In this opinion the other judges concurred.