JOHN W. LAWSON *v.* AETNA LIFE
INSURANCE COMPANY
(AC 19265)

Lavery, C. J., and Mihalakos and Peters, Js.

Argued May 8—officially released July 25, 2000

*Linda Clough,* with whom, on the brief, was *Lawrence H. Dickson,* for the appellant (plaintiff).

*Charles F. Corcoran III,* with whom, on the brief, were *Howard K. Levine* and *Joshua L. Milrad,* for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, John W. Lawson, appeals from the judgment rendered following a jury verdict in favor of the defendant, Aetna Life Insurance Company, on a claim of a breach of an implied contract of employment. On appeal, the plaintiff claims that the trial court (1) improperly charged the jury on his claim for lost wages as to the legal effect of his seeking self-

employment following his termination by the defendant, (2) improperly granted the defendant's multiple motions to strike certain language from the plaintiff's original and amended complaints after determining that a claim of a breach of the implied covenant of good faith and fair dealing was barred by the statute of limitations, and (3) abused its discretion in denying the plaintiff's request for a jury interrogatory on a damages calculation, which request was made after the jury began its deliberations. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On November 9, 1990, the plaintiff commenced an action in the United States District Court for the District of Connecticut in a three count complaint alleging (1) a violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., (2) breach of contract and (3) a theory of promissory estoppel. On April 6, 1992, the defendant filed a motion for summary judgment as to all three counts. The federal district court granted the defendant's motion for summary judgment, dismissed the plaintiff's statutory claim alleging a violation of the ADEA and declined to assert supplemental jurisdiction over the plaintiff's state law claims.

On November 18, 1994, the plaintiff refiled his action in the Superior Court for the judicial district of Hartford at New Britain. This new complaint did not allege a violation of the ADEA, but it did allege the plaintiff's prior claims of breach of contract and promissory estoppel. The plaintiff also set forth a new claim asserting that the defendant had breached the implied covenant of good faith and fair dealing. The defendant filed a motion to strike the claim of breach of the implied covenant of good faith and fair dealing on the ground that the statute of limitations on that claim had run. On February 28, 1995, the court granted the motion to

strike that claim. On March 14, 1995, the plaintiff filed an amended complaint. The defendant subsequently filed a motion to strike, which motion was granted by the court.

On November 3, 1995, the plaintiff filed yet another amended complaint, again alleging a cause of action for a breach of the implied covenant of good faith and fair dealing using slightly different language. On October 31, 1996, the defendant again moved to strike the portion of the amended complaint alleging a breach of the implied covenant of good faith and fair dealing, which motion was granted by the court on November 25, 1996. On December 9, 1996, the plaintiff filed another amended complaint stating essentially the same language as the previous one. For a fourth time, the defendant moved to strike the complaint and, on March 25, 1997, the court granted the defendant's motion to strike without opinion. The plaintiff then filed the amended complaint presently before us.

The plaintiff's claims of breach of implied contract and promissory estoppel were then tried to the jury on June 3, 1998. On June 10, 1998, the plaintiff offered interrogatories for submission to the jury that were rejected by the court. On June 11, 1998, after the jury had commenced its deliberations, the plaintiff took exception to the court's ruling on his request for interrogatories and again attempted to submit interrogatories concerning the calculation of damages, which request was rejected by the court. On June 12, 1998, the jury returned a general verdict in favor of the defendant. On June 22, 1998, the plaintiff filed a motion for a new trial that was denied by the court. This appeal followed.

I

The plaintiff first claims that the court improperly charged the jury on his claim for lost wages as to the

legal effect of the plaintiff's seeking self-employment after being terminated by the defendant. We do not agree.

Before we address the merits of the plaintiff's claim, we must first address whether the general verdict rule applies and precludes our review. "Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories,[1] an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . The rule rests on the policy of the conservation of judicial resources, at both the appellate and trial levels. . . . *Gajewski* v. *Pavelo*, 229 Conn. 829, 836, 643 A.2d 1276 (1994).

"On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. In a typical general verdict rule case, the record is silent regarding whether the jury verdict resulted from the issue that the appellant seeks to have adjudicated. Declining in such a case to afford appellate scrutiny of the appellant's claims is consistent with the general principle of appellate jurisprudence that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. . . .

---

[1] In this case, the plaintiff submitted interrogatories that stated improperly the issue of damages and, *after* the jury started deliberating, made an oral request to submit an unprepared · interrogatory. Practice Book § 16-22 requires that "[w]ritten requests to charge the jury and written requests for jury interrogatories must be filed with the clerk *before* the beginning of arguments or at such an earlier time as the judicial authority directs, and the clerk shall file them and forthwith hand one copy to the judicial authority and one to opposing counsel . . . ." (Emphasis added.) The court, therefore, properly denied the plaintiff's request for interrogatories.

"In the trial court, the rule relieves the judicial system from the necessity of affording a second trial if the result of the first trial potentially did not depend upon the trial errors claimed by the appellant. Thus, unless an appellant can provide a record to indicate that the result the appellant wishes to reverse derives from the trial errors claimed, rather than from the other, independent issues at trial, there is no reason to spend the judicial resources to provide a second trial. . . .

"Therefore, the general verdict rule is a rule of appellate jurisprudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. . . . A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. . . .

"This court has held that the general verdict rule applies to the following five situations: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded. . . . Because [this] action falls under the fourth situation, the general verdict rule would have been applicable to the plaintiffs' appeal from that judgment to prevent an appellate court from disturbing a verdict that may have been reached under a cloud of error, but is nonetheless valid because the jury may have taken an untainted route in reaching its verdict." (Citations omitted; internal quotation marks omitted.) *Dowling* v. *Finley Associates, Inc.*, 248 Conn. 364, 371–72, 727 A.2d 1245 (1999).

The present case falls under the fourth situation. We presume that the jury found in favor of the defendant

on the plaintiff's complaint seeking lost wages and on the defendant's special defense that the plaintiff failed to mitigate his damages. Even if the plaintiff were to prevail on his claim of instructional error related to the mitigation issue, the verdict against him on the complaint would remain unchallenged, and the general verdict rule therefore precludes our review of his claim.

II

The plaintiff next claims that the court improperly granted the defendant's multiple motions to strike certain language from the plaintiff's initial and amended complaints. We disagree.

"After a trial court has sustained a motion to strike a complaint or a portion of the complaint, the plaintiff has two options." *P & L Properties, Inc.* v. *Schnip Development Corp.*, 35 Conn. App. 46, 49, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994). The plaintiff may either "amend his pleading, or he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the [motion to strike]. . . . The choices are mutually exclusive. The filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading. . . . When a [motion to strike] is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the [motion to strike] thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading. . . . *Royce* v. *Westport*, 183 Conn. 177, 178–79, 439 A.2d 298 (1981)." (Internal quotation marks omitted.) *P & L Properties, Inc.* v. *Schnip Development Corp.*, supra, 49.

Here, the decision of the trial court is not reviewable because the plaintiff, by filing amended pleadings, waived the opportunity to raise his right to appeal the

granting of the various motions to strike. We therefore decline to address the merits of this issue.

## III

The plaintiff's final claim is that the court abused its discretion in denying the plaintiff's request for a jury interrogatory on a damages calculation, which request was made after the jury began its deliberations. We do not agree.

Practice Book § 16-22 requires that "[w]ritten requests to charge the jury and written requests for jury interrogatories must be filed with the clerk before the beginning of arguments or at such an earlier time as the judicial authority directs, and the clerk shall file them and forthwith hand one copy to the judicial authority and one to opposing counsel. . . ." Practice Book § 16-18 provides in relevant part that "[t]he judicial authority may submit to the jury written interrogatories for the purpose of explaining or limiting a general verdict, which shall be answered and delivered to the clerk as a part of the verdict. . . ."

Here, the plaintiff first submitted interrogatories that framed improperly the issue of damages and then, *after* the jury started deliberating, made an oral request to submit an interrogatory. As a result, the court was within its discretion in denying his request because the plaintiff failed to comply with the rules of practice in a timely manner.

The judgment is affirmed.

In this opinion the other judges concurred.