[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT DATED FEBRUARY 28, 2000 (#240)
This is a Memorandum of Decision on the plaintiffs' Motion for Partial Summary Judgment as to the first, second and third counts of their August 20, 1999 Amended Complaint.
The first count is against the defendant, Jon Estes, alleging breach of fiduciary duty to the plaintiff, Homecare, Inc. The second count is against the defendants, George J. Mandes and IntegriCare, Inc., for aiding and abetting the breach of fiduciary duty alleged against Jon Estes in the first count. The third count is against the defendant, Jon Estes, alleging breach of his employment contract with Homecare, Inc. The defendants have filed answers, special defenses and counterclaims. The only issues presented in this Motion for Partial Summary Judgment relate to the plaintiffs' counts one, two and three.
The plaintiffs filed an eleven count lawsuit against Mandes, Estes, IntegriCare and Joseph A. Boucher in a complaint dated October 1, 1998. Almost immediately, the defendants filed their answers, special defenses and counterclaims. This court has already granted summary judgment in favor of Mandes against the defendant, Masonicare Corporation, on the basis of breach of contract and guaranty. The court is awaiting additional filings concerning calculation of interest, offer of judgment interest and attorney's fees on that summary judgment. The plaintiffs have filed a Motion for Summary Judgment as to the seventh, eighth and ninth counts of the counterclaim filed by the defendants, Mandes and CT Page 10055 IntegriCare. This court has rendered a decision on that motion today. The remaining portions of the plaintiffs' complaint and the defendants' counterclaims remain in active litigation.
In considering oral arguments of counsel and the multiple lengthy submissions by both sides in support of their positions on this motion for summary judgment, this court has applied well defined standards for summary judgment. Mountaindale Condominium Assn., Inc. v. Zappone,59 Conn. App. 311, 315-16 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co.v. Donnelly, 180 Conn. 430, 434 (1980). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242,246-47 (1990).
There is a procedural issue that this court raised at oral argument. The first three counts name all four parties as defendants, Estes, Mandes, IntegriCare and Boucher, yet the Motion for Partial Summary Judgment is not addressed to all four parties. The motion seeks summary judgment on the first and third counts as to Estes only and seeks summary judgment in the second count as to Mandes and IntegriCare. The motion does not address the allegations in those three counts as to the remaining defendants. The plaintiffs' claim that if the motions are granted, they will continue to litigate these three counts as to the other defendants. The parties have stipulated that if this is a defect they will waive it and permit the court to decide the issues raised in the motion in chief.
The rules of summary judgment are found in Practice Book §§ 17-44 to 17-51. The only two rules that address the authority of the court to consider part of a claim are P.B. §§ 17-50 and 17-51.
Sec. 17-50 — Triable Issue as to Damages Only
A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case the judicial authority shall order an immediate hearing before a judge trial referee, before the court, or before a jury, whichever may be proper, to determine the amount of the damages. If the determination is by a jury, the usual procedure for setting aside the verdict shall be applicable. Upon the conclusion of these proceedings, the judicial CT Page 10056 authority shall forthwith render the appropriate summary judgment.
Sec. 17-51 — Judgment for Part of a Claim
 If it appears that the defense applies to only part of the claim, or that any part is admitted, the moving party may have final judgment forthwith for so much of the claim as the defense does not apply to, or as is admitted, on such terms as may be just; and the action may be severed and proceeded with as respects the remainder of the claim.
The plaintiffs' motion does seek a determination of liability only as authorized by P.B. § 17-50. After obtaining a summary judgment on liability they will seek a hearing in damages against the defendants named in this motion. Practice Book § 17-50 does not permit the filing of a summary judgment motion against only one defendant when multiple other defendants remain in that count. The plaintiffs did not draft their complaint with separate counts as to each defendant for the separate claims of breach of fiduciary duty, breach of employment contract and aiding and abetting breach of fiduciary duty. This form of pleading is permitted by Practice Book § 10-26. The defendants did not file a Request to Revise for the "separation of causes of action which may be united in one complaint when they are improperly combined in one count." Practice Book § 10-35(3).
The court is concerned with the orderliness of the pleadings. In the event summary judgment is granted against one of many defendants in a count, leaving the remainder of the count viable, there is a question of whether this results in an appealable final judgment. State v. Curcio,191 Conn. 27, 31 (1983). An agreement by counsel to waive this defect cannot confer appellate jurisdiction on any of our appellate courts.State v. Audet, 170 Conn. 337, 342 (1976); State v. Curcio, supra,191 Conn. 30. Our appellate courts have said, "We must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." State v. Curcio, supra, 191 Conn. 30. "It has long been this court's policy to discourage piecemeal appeals." Id. 30.
Furthermore, our appellate courts do not permit the parties themselves to establish the rules for summary judgment. Paine Webber Jackson andCurtis v. Winters, 13 Conn. App. 712, 721-22 (1988) (Error for court to utilize pleadings in deciding a summary judgment, apparently with the consent of all parties). "The moving party for summary judgment is held to a strict standard." Id. 720. CT Page 10057
This court is not aware of any appellate case authorizing the procedure of granting a partial summary judgment in favor of or against one party in a single count in which multiple other parties are also joined in that count. The Practice Book does not authorize such a procedure. Due to the doubtful finality of any such summary judgment, this court is reluctant to accede to the stipulation of the parties.
One of the parties argued that such a split count stipulation was adopted by another complex civil litigation judge. Reichhold Chemicals,Inc. v. Hartford Accident and Indemnity Co., Superior Court, judicial district of Middlesex, Complex Litigation, Docket No. X03-CV88 0085884S, (October 1, 1998, Aurigemma, J.), 23 Conn.L.Rptr. 394,1998 Ct. Sup. 12748. After trial, the Supreme Court reversed and remanded for a new trial. This decision established a new rule in Connecticut for conflicts of law in tort litigation. Reichhold Chemicals Inc. v. Hartford Accidentand Indemnity Co., 243 Conn. 401, 414 (1997). On remand, Judge Aurigemma considered a number of conflicts of law issues in the context of the entire litigation. These issues were interspersed throughout the complaint and the resolution of these issues did not resolve in its entirety any one count. The trial court then issued its decision entitled "Memorandum of Decision on Choice of Law" on October 1, 1998. The memorandum did not discuss the procedural deficiency of deciding some but not all of the issues alleged in one count. Judge Aurigemma proceeded to decide which law would govern a number of issues: interpreting the pollution exclusion in the insurance policy in question and allocation of damages language of the policy. The Supreme Court reversed without discussing the procedural issues. Reichhold Chemicals, Inc. v. HartfordAccident and Indemnity Co., 252 Conn. 774 (2000). Reichhold does not assist this court in resolving the piecemeal issue before it.
After an issue has been decided by a Motion to Strike adverse to the pleader, either on the entire complaint or a count in the complaint, the plaintiff has two options: "The plaintiff may either amend his pleading, or he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the [motion to strike] . . . The choices are mutually exclusive. The filing of an amended pleading operates as a waiver of the right to claim that there was an error in the sustaining of the [motion to strike] the original pleading . . . When a [motion to strike] is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the [motion to strike] thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading." (Internal quotation marks omitted.) Royce v. Westport, 183 Conn. 177, 178-79 (1981); Lawsonv. Aetna Life Ins. Co., 59 Conn. App. 84, 94 (2000); P L Properties,Inc. v. Schnip Development Corp., 35 Conn. App. 46, 49 (1994). CT Page 10058
This court concludes, despite the practical suggestion by both counsel, the appellate reaction to proceeding thusly remains substantially in doubt. Therefore, the Motion for Partial Summary Judgment is denied without prejudice. It is denied on the basis that the trial court has no authority to grant a partial summary judgment as to one party or one issue in a count that contains multiple parties and/or issues that will not be resolved by that partial summary judgment.
In the event the plaintiffs amend their first, second, and third counts, separating them as to each party and each issue, then this court will consider a new Motion for Partial Summary Judgment. That new motion must address all the parties and/or issues of that count. This court will then consider the briefs, submissions, documents and oral arguments offered in support of the instant Motion for Partial Summary Judgment without the need for their refiling.
SO ORDERED.
BY THE COURT,
KEVIN TIERNEY, J.