NATH ATTA OPOKU *v.* DENNIS L. GRANT
(AC 20368)

Schaller, Spear and Daly, Js.

Argued February 16—officially released June 12, 2001

*Michael A. Lockaby*, with whom, on the brief, was *Robert J. McKay*, for the appellant (plaintiff).

*Leo J. McManus*, for the appellee (defendant).

*Opinion*

SPEAR, J. The plaintiff, Nath Atta Opoku, appeals to this court following the denial of his motion to open the judgment of nonsuit[1] that had been rendered against him as a result of his failure to comply with a discovery order. The plaintiff claims that the court improperly concluded that he failed to file the affidavit required by General Statutes § 52-212 and Practice Book § 17-43 in a timely fashion. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On August 6, 1995, a motor vehicle operated by the plaintiff collided with a motor vehicle operated by the defendant, Dennis L. Grant. The plaintiff brought an action seeking to recover damages for injuries suffered due to the defendant's alleged negligence. Following the plaintiff's response to the defendant's interrogatories and request for production, the defendant attempted to depose the plaintiff on October 8, 1997. Counsel for both parties agreed, however, to suspend the deposition. The defendant claims that the

---

[1] In their briefs and papers, and at various times throughout the proceedings, the parties and the court referred to the motion as a motion to set aside, a motion to reopen and a motion to open. The plaintiff's original motion was entitled "Motion to Set Aside Judgment." In this opinion, we refer to the motion as a motion to open the judgment.

plaintiff's discovery responses were incomplete, at best, and that additional time was necessary to supplement the written disclosure and production. The plaintiff claims that complete records concerning his prior accidents, claims and medical treatment were not available.

The defendant filed a motion to compel discovery on October 20, 1998, after the plaintiff failed to provide him with any additional information. The plaintiff did not respond. On November 2, 1998, the court granted the motion and ordered the plaintiff to "fully comply with defendant's written discovery requests on or before 12/11/98 or nonsuit shall enter." The plaintiff did not comply. On February 18, 1999, the defendant filed a motion for a judgment of nonsuit. On March 8, 1999, the court granted the motion and rendered judgment for the defendant. The court issued notice to the parties on March 19, 1999.

On April 27, 1999, the plaintiff sent by facsimile a letter to the defendant containing the names of several physicians together with a written medical authorization for the release of records in conjunction with his prior related injuries or accidents. The defendant's counsel responded by letter, stating that the list of names and the medical authorization were insufficient to achieve full compliance with the defendant's discovery requests and that a written authorization could not be used in lieu of answering interrogatories under oath. The plaintiff did not reply to the letter.

On June 2, 1999, the plaintiff filed a motion to open the judgment of nonsuit, claiming that he had "fully complied with the defendant's written discovery as of this date." On June 7, 1999, the defendant objected on the ground that the plaintiff had not complied with the discovery order and that the court had no authority to act because the plaintiff's motion had not been verified by the plaintiff's oath or that of the plaintiff's attorney.

The plaintiff did not respond. On June 22, 1999, the court denied the plaintiff's motion and sustained the defendant's objection. The court issued notice of those rulings on June 30, 1999.

On July 19, 1999, the plaintiff timely filed a motion to reargue the motion to open, which was granted by the court. A hearing was held on October 7, 1999. At the hearing, the plaintiff claimed that the motion to reargue tolled the four month time limitation for the motion to open. The court requested that the parties brief that issue and agreed to schedule a second hearing. On October 20 and October 29, 1999, the plaintiff filed an affidavit and a revised affidavit, respectively. On December 7, 1999, the court again heard the parties and then affirmed its June 22, 1999 ruling on the motion to open, reasoning that the plaintiff had failed to file an affidavit or verified complaint before the statutory deadline and that, therefore, the court was without "jurisdiction" to grant the motion. This appeal followed.

I

The plaintiff first claims that the court improperly denied his motion to open the judgment of nonsuit because the motion, together with his subsequent motion to reargue, fully complied with the statutory requirements and the rules of practice. He claims that the court did not lack "jurisdiction"[2] to grant the motion

[2] Both parties improperly interpreted the court's conclusion that it lacked jurisdiction to grant the motion to open to mean that the court lacked subject matter jurisdiction. That the court did not intend to base its decision on a lack of subject matter jurisdiction is clear from its reliance on *G. F. Construction, Inc.* v. *Cherry Hill Construction, Inc.*, 42 Conn. App. 119, 123, 679 A.2d 32 (1996). In that case, we addressed the issue of the trial court's authority, not its subject matter jurisdiction, to open a judgment of nonsuit; id.; even though we ultimately concluded that the court lacked "jurisdiction" to entertain the motion. Id., 124.

In *Kim* v. *Magnotta*, 249 Conn. 94, 101, 733 A.2d 809 (1999), our Supreme Court noted that the use of jurisdictional terms sometimes may engender confusion, and it explored "the recurrent difficulty of distinguishing between two kinds of challenges to a tribunal's exercise of its statutory authority. On the one hand, a challenge may allege that a tribunal's action exceeds

because he filed both motions within four months of the judgment of nonsuit, and the motion to reargue contained a copy of his sworn deposition testimony in satisfaction of the affidavit requirement. We disagree.

Our standard of review is well settled. Whether a court has authority to grant a motion to open requires an interpretation of the relevant statutes. Statutory construction, in turn, presents a question of law over which our review is plenary. *State* v. *Smith*, 63 Conn. App. 228, 237, 775 A.2d 313 (2001). "According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *Smith* v. *Smith*, 249 Conn. 265, 272–73, 752 A.2d 1023 (1999).

Section 52-212 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of

its statutory authority. . . . Such a challenge raises a jurisdictional claim. On the other hand, a challenge may allege that a tribunal's action *misconstrues* its statutory authority. Such a challenge raises a claim of statutory construction that is *not* jurisdictional. In *Kim*, [the court] relied on this distinction to conclude that the statutory limitation on motions to open judgments contained in . . . § 52-212a was not jurisdictional." (Emphasis added.) *Cantoni* v. *Xerox Corp.*, 251 Conn. 153, 162, 740 A.2d 796 (1999). We therefore agree with the trial court that the plaintiff's claims are challenges to that court's general statutory authority to grant relief, and we will refer to them as such in·the remainder of this opinion.

any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney . . . ."

"Practice Book § 377 [now § 17-43 (a)] is almost identical to the statutory language [of § 52-212]. To obtain relief from a judgment rendered after default a two pronged test must be satisfied. The aggrieved person must show reasonable cause, or that a good defense existed at the time of the judgment, and that the movant was prevented by mistake, accident or other reasonable cause from making the defense." (Internal quotation marks omitted.) *McLaughlin* v. *Smoron*, 62 Conn. App. 367, 372, 771 A.2d 201 (2001). Practice Book § 17-43 (a) also provides that the "written motion shall be verified by the oath of the complainant or the complainant's attorney . . . ."

In *G. F. Construction, Inc.* v. *Cherry Hill Construction, Inc.*, 42 Conn. App. 119, 123–24, 679 A.2d 32 (1996), the plaintiff did not file affidavits in support of its motion to open within the four month statutory period, and we reversed the trial court's granting of the plaintiff's motion to open the judgment. We concluded that "[u]nless the parties waive this time limitation, the trial court lacks [authority] to entertain a motion to open filed more than four months after a decision is rendered."[3] (Internal quotation marks omitted.) Id.

We conclude that the court properly denied the plaintiff's motion to open. The plaintiff did not meet the

---

[3] See footnote 2.

statutory requirements or those of the rules of practice, and there is no evidence of waiver by the defendant. The court rendered a judgment of nonsuit on March 8, 1999. The plaintiff filed his motion to open and set aside the judgment on June 2, 1999. On June 7, 1999, the defendant objected on several grounds, including the plaintiff's failure to file the required affidavit. Although the plaintiff thus received notice that the motion was procedurally flawed, he failed, even then, to file a timely affidavit. On June 22, 1999, the court denied the motion and sustained the defendant's objection. The plaintiff did not file an affidavit until October, 1999. Accordingly, the court properly denied the plaintiff's motion to open for lack of statutory authority to grant relief.

The plaintiff's claim that the court had authority to open the judgment because he timely filed a motion to reargue containing his sworn deposition testimony from nearly two years earlier is completely without merit. We reach that conclusion because a motion to reargue cannot be used to correct the deficiencies in a prior motion and, even if it could, the plaintiff's sworn deposition testimony fails to satisfy the affidavit requirement. See *Northwestern Mutual Life Ins. Co.* v. *Greathouse*, Superior Court, judicial district of Stamford-Norwalk, Docket No. 164835 (June 27, 2000).

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts." (Internal quotation marks omitted.) *Jaser* v. *Jaser*, 37 Conn. App. 194, 202, 655 A.2d 790 (1995). It also may be used "to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court." *K. A. Thompson Electric Co.* v. *Wesco, Inc.*, 24 Conn. App. 758, 760, 591 A.2d 822 (1991). "[A] motion to reargue [however] is

not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument." (Internal quotation marks omitted.) *Northwestern Mutual Life Ins. Co.* v. *Greathouse,* supra, Superior Court, Docket No. 164835.

The plaintiff in this case did not claim in his motion to reargue that the court overlooked a decision or principle of law that might have had some controlling effect on its prior ruling, or that there was a misapprehension or incorrect understanding of the facts. He also did not point to inconsistencies in the court's ruling or to other deficiencies in its analysis. He attempted, instead, to take the proverbial "second bite of the apple" by attaching to the motion to reargue prior deposition testimony intended to satisfy the affidavit requirement for the motion to open.

Even if we were to conclude that the submission was proper, the plaintiff's sworn deposition testimony clearly fails to satisfy the affidavit requirement. Both General Statutes § 52-212 (b) and Practice Book § 17-43 (a) provide that the "written motion shall be verified" by the oath of the complainant or his attorney. The term "verification" is defined as "[c]onfirmation of correctness, truth, or authenticity . . . ." Black's Law Dictionary (6th Ed. 1990). The plaintiff's sworn deposition testimony was taken on October 8, 1997, approximately twenty months *before* he filed the motion to open. Accordingly, the court did not abuse its discretion in concluding that his oath on that date failed to satisfy the affidavit requirement. The oath was not related to the truth of the information contained in the motion to open, but to the truth of his deposition testimony almost two years earlier.

II

In the alternative, the plaintiff claims that the court's granting of the motion to reargue tolled the four month

limitation period set forth in General Statutes § 52-212 (a) for filing a motion to open to the date of the second hearing, December 7, 1999, thus validating the October, 1999 affidavit. He argues that because Practice Book § 63-1 (c) (1) provides that certain motions toll the time to appeal, those motions also should toll the four month time limit of General Statutes § 52-212. We disagree.

Practice Book § 63-1 (c) (1) provides in relevant part: "If a motion is filed within the appeal period that, if granted, would render the judgment . . . ineffective, a new twenty-day period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion . . . .

"Motions that, if granted, would render a judgment . . . ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment [and] . . . reargument of the judgment or decision . . . .

"Motions that do *not* give rise to a new appeal period include those that seek . . . *reargument of a motion listed in the previous paragraph*." (Emphasis added.)

As Practice Book § 63-1 (c) (1) makes absolutely clear, a motion to open a judgment does give rise to a new appeal period, but a motion to *reargue* a motion to open does not.[4] Because the motion to reargue did not toll the appeal period, we conclude that the plaintiff cannot prevail on his claim that the motion to reargue tolled the four month limitation period set forth in General Statutes § 52-212 (a).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] We note that Practice Book § 63-1 (c) was revised, effective January 1, 2000, to clarify language in effect at the time the plaintiff filed his motion to open and his motion to reargue in 1999. The revision does not constitute a substantive change to the former rule; therefore, the revised rule applies in the present case.