[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE #226
The issue before the court is whether to grant the plaintiff's motion to reargue the court's decision on the defendant's motion to strike. Motions to reargue are controlled by the Practice Book, § 11-12, which states: "A party who wishes to reargue a decision or order rendered by the court shall, within twenty days from the issuance of notice of the rendition of the decision or order, file a motion to reargue setting forth the decision or order which is the subject of the motion, the name of the judge who rendered it, and the specific grounds for reargument upon which the parties relies." [T]he purpose of reargument is . . . to CT Page 2310 demonstrate to the court that there is some decision or some principal of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It may also be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court." (Citations omitted, internal quotation marks omitted.) Opoku v. Grant, 63 Conn. App. 686, 692, 778 A.2d 981
(2001). "If a court is not convinced that its initial ruling is correct, then in the interests of justice it should reconsider the order. . . ." (Internal quotation marks omitted.) Tiber Holding Corp. v. Greenberg,36 Conn. App. 670, 671 n. 1, 652 A.2d 1063 (1995). "[A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have presented at the time of the original argument." (Internal quotation marks omitted.) Opoku v. Grant, supra, 692-93.
The plaintiff's motion fails to meet the requirements for reargument in the most important regard — it fails to recite adequate grounds for reargument, instead relying on a general restatement of case law.[1]
The plaintiff does not allege that the court disregarded either principles of law or controlling decisions. The court's decision is consistent with current principles of law, and has addressed the arguments the plaintiff raises in her motion for reargument.
Further, at the same time she filed her motion to reargue, the plaintiff filed an amended complaint. It is well settled that if the plaintiff chooses to file an amended complaint instead of appealing a decision on a motion to strike, she forfeits the right to argue that the original complaint should not have been stricken. Lawson v. Aetna LifeIns. Co., 59 Conn. App. 84, 90, 755 A.2d 351 (2000). "The filing of an amended pleading operates as a waiver of the right to claim that there was an error in the sustaining of the [motion to strike] the original pleading. . . . The filing of the amended pleading is a withdrawal of the original pleading. . . ." (Internal quotation marks omitted.) Id.
Because the plaintiff's motion is inadequate under the Practice Book § 11-12, as well as procedurally incorrect, the plaintiff's motion to reargue is denied.
 ___________________ Skolnick, Judge