[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR RECONSIDERATION (#173)
The plaintiff Paul Behling, has filed a motion for reconsideration, dated May 14, 2002, in which he asks the court to vacate its memorandum of decision, dated April 24, 2002 (#172), concerning a motion to enforce a settlement agreement and for judgment in accordance with settlement agreement (the "motion to enforce"). The court's memorandum discusses the background of this matter. In response to the motion for reconsideration, the defendants, Charles Bennett and Zymol Enterprises, Inc. filed their memorandum of law in opposition, dated June 7, 2002.
In essence, the plaintiff is asking for reargument. "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could CT Page 7978 have been presented at the time of the original argument." (Internal quotation marks omitted and citations omitted.) Opoku v. Grant,63 Conn. App. 686, 692, 778 A.2d 981 (2001).
In the motion for reconsideration, the plaintiff does not contend that some principle of law has been overlooked. Rather, the law which is cited is quoted from the court's memorandum of decision. Instead, the plaintiff attempts to reargue the issues raised in the proceedings concerning the motion to enforce. For example, he refers to his own testimony, including his claim that he did not agree to settle the matter based on payment to be made over time. (See paragraphs 2-3, 5 of the motion for reconsideration.) He also refers to what he claims he was told by his counsel. (See paragraph 4 of the motion for reconsideration.) The plaintiff also reiterates his argument that the doctrine of mistake warrants not enforcing the parties' settlement agreement. (See paragraph 5 of the motion for reconsideration.)
The court addressed the facts in its memorandum. It did not credit Behling's contentions. See memorandum of decision, pages 10-12, 16-19. It also did not find Behling's counsel's affidavit persuasive. See memorandum of decision, pages 12-16.
The motion for reconsideration presents no basis which warrants vacating the court's previous decision. Accordingly, the motion for reconsideration is denied. It is so ordered.
 BY THE COURT ___________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT
CT Page 7979