[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO REARGUE #116
 FACTS
On December 4, 2000, the plaintiffs, Thomas Sousa, Jr. and Tammy Sousa, filed an amended two count complaint against the defendants, Paul Fiano Realty, LLC and Paul Fiano, Sr. (Fiano), seeking damages for breach of contract, failure to comply with Public Act 99-246, "An Act Concerning Consumer Protection for New Home Construction," now codified in General Statutes § 20-417a, et seq., and violations of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act. Judgment for default for failure to appear was entered against the defendants by this court, Hurley, J.T.R. on April 5, 2001. On May 22, 2002, a motion to open the default judgment was denied on the ground that it was filed untimely, having been filed on January 2, 2002. The defendants, on June 10, 2002, filed a motion to reargue with an attached affidavit and copies of an Airborne Express delivery manifest and shipping label. The plaintiffs filed a timely objection. On June 14, 2002, the defendants' motion to reargue the motion to open the April 5, 2001 default judgment was granted and a hearing was held on October 7, 2002.
 DISCUSSION
In the May 22, 2002 decision, denying the defendants' motion to open, this court held that the defendants' motion was untimely and, thus, in violation of General Statutes § 52-212 and Practice Book § 17-43
because "the defendants could have filed a motion to open the judgment upon default within four months succeeding the date on which notice was sent." Sousa v. Paul Fiano Realty, Superior Court, judicial district of New London, Docket No. CV 00 0121578 (May 22, 2002, Hurley, J.T.R.).
In their motion to reargue, the defendants claim that the court did not address the fact that their motion to open was received by the geographical area clerk on December 28, 2001. The defendants argue that CT Page 16266 despite the fact that the judicial district clerk date stamped the motion as filed on January 2, 2002, the geographical area clerk, in the same courthouse building, signed receipt of the motion from an Airborne Express delivery on December 28, 2001, and their motion was therefore timely brought. In support, the defendants submit an affidavit of Jill Keenan, the geographical area clerk, attesting to the fact that she received the motion to open on December 27, 2001, and forwarded it to the judicial district clerk's office for date stamping on January 2, 2002; and a delivery manifest of Airborne express, dated December 28, 2001, which reveals Keenan's signature in receipt of a delivery. The defendants also submit a copy of the shipping label used to deliver the motion to open. In opposition to the defendants' motion to reargue, the plaintiffs claim that the defendants should not be permitted to continually return to court on the same issue. The plaintiffs argue that this matter was fully heard by this court in February 2002, a decision was rendered after a long hearing, and the defendants should not be allowed to continually return for the same issue. This court agrees with the plaintiffs.
"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument." (Citations omitted; internal quotation marks omitted.) Opokuv. Grant, 63 Conn. App. 686, 692-93, 778 A.2d 981 (2001). CT Page 16267
A review of the record reveals that the defendants never raised the argument regarding the receipt of their motion by the clerk's office, nor submitted documentary evidence in their motion to open filed on January 2, 2002. The defendants, therefore, have not demonstrated that this court failed to consider some controlling law or fact in rendering the May 22, 2002 decision denying the defendants' motion to open the judgment upon default. Rather, in their motion to reargue, the defendants are relying on a new argument and new exhibits. The court finds that the defendants are impermissibly attempting to take "a second bite of the apple." Opokuv. Grant, supra 63 Conn. App. 693.
Accordingly, the court affirms its prior decision denying the defendants' motion to open.
___________________ D. Michael Hurley, JTR CT Page 16268