# BARBARA WALDMAN *v.* ANDREW JAYARAJ ET AL.
## (AC 24794)

Bishop, DiPentima and Peters, Js.

Argued April 21—officially released June 21, 2005

*H. Jeffrey Beck,* for the appellant (plaintiff).

*John C. Pitblado,* with whom, on the brief, were *Daniel P. Scapellati* and *Susan O'Donnell,* for the appellees (defendants).

*Opinion*

DiPENTIMA, J. The question presented in this appeal is whether the one year limitation period provided in General Statutes § 52-592 commences on the denial of a motion to reargue a motion to open a judgment. We conclude that it does not and accordingly affirm the judgment of the trial court.

The court's memorandum of decision reveals the following undisputed facts. In 1998, the plaintiff, Barbara Waldman, filed suit against the defendants, Andrew Jayaraj and Sheila Jayaraj. In her complaint, the plaintiff alleged that she sustained personal injuries after falling from a deck located at a residential dwelling in Brookfield that was owned by the defendants. A pretrial conference was scheduled on February 13, 2001, at which counsel for the plaintiff failed to appear. A judgment of dismissal subsequently was rendered against the plaintiff. In response, the plaintiff filed a motion to open the judgment of dismissal, which the court granted. The court thereafter issued an order scheduling a status conference for April 16, 2001. When counsel for the plaintiff again failed to appear, the court rendered another judgment of dismissal against the plaintiff. On April 23, 2001, the plaintiff filed a motion to open the judgment of dismissal, which the court denied. The plaintiff filed a motion to reargue that decision on June 2, 2001, which was denied. An amended motion to reargue filed one month later met the same fate.

On June 14, 2002, the plaintiff initiated a second action against the defendants pursuant to § 52-592, the accidental failure of suit statute. The plaintiff's com-

plaint replicated her original complaint almost verbatim. On December 16, 2002, the defendants filed a motion for summary judgment, claiming, inter alia, that the new complaint was untimely. By memorandum of decision filed August 29, 2003, the court granted the motion for summary judgment and rendered judgment in favor of the defendants accordingly. From that judgment, the plaintiff now appeals.

General Statutes § 52-592 (a) provides in relevant part that "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . a judgment of nonsuit has been rendered . . . the plaintiff . . . may commence a new action . . . for the same cause at any time *within one year after the determination of the original action* or after the reversal of the judgment." (Emphasis added.) This appeal concerns the contours of precisely when a "determination of the original action" transpires. The plaintiff insists that the action in the present case was determined not at the denial of her motion to open the judgment, but rather at the denial of her motion to reargue the motion to open. That argument confounds the express provisions of our rules of practice.

The plaintiff urges us to read § 52-592 in conjunction with Practice Book § 63-1 (c) (1). Practice Book § 63-1 (c) (1) provides in relevant part: "If a motion is filed within the appeal period that, if granted, would render the judgment . . . ineffective . . . a new twenty-day period . . . for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion . . . .

"Motions that, if granted, would render a judgment . . . ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment . . . [and] reargument of the judgment or decision . . . .

"Motions that do not give rise to a new appeal period include those that seek . . . reargument of a motion listed in the previous paragraph. . . ." Id. In *Opoku* v. *Grant*, 63 Conn. App. 686, 694, 778 A.2d 981 (2001), we noted that Practice Book § 63-1 (c) (1) "makes absolutely clear [that] a motion to open a judgment does give rise to a new appeal period, but a motion to *reargue* a motion to open does not."[1] (Emphasis in original.) Thus, contrary to the plaintiff's assertions, her original action was determined at the denial of her motion to open the judgment. Because her June 14, 2002 complaint was filed more than one year after the date of that determination, it was untimely under § 52-592.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] In *Opoku,* we held that a motion to reargue a motion does not toll the four month limitation period set forth in General Statutes § 52-212 (a). *Opoku* v. *Grant,* supra, 63 Conn. App. 694.