BARBARA WALDMAN *v.* H. JEFFREY BECK
(AC 27666)

McLachlan, Harper and Stoughton, Js.

Argued March 14—officially released June 12, 2007

*H. Jeffrey Beck*, pro se, the appellant (defendant).

*John-Henry M. Steele*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The sole issue in this appeal is whether the trial court properly rendered a judgment against the defendant, awarding the plaintiff $20,000, in order to enforce the terms of a settlement agreement, when the terms of the settlement agreement called for the plaintiff to release the defendant upon execution of a promissory note and did not contemplate a judgment against the defendant. The defendant claims that the court improperly rendered the judgment because the only issue before the court was whether to grant the plaintiff's motion to enforce the settlement agreement. We reverse, in part, the judgment of the trial court.

The relevant facts are undisputed.[1] The defendant, H. Jeffrey Beck, is an attorney who represented the

---

[1] At the oral argument before this court, the defendant, H. Jeffrey Beck, abandoned his claim on appeal that the trial court did not have the authority to enforce the settlement agreement on the ground that the terms of the agreement were not clear and unambiguous. The defendant, conceding that the terms of the agreement were clear and unambiguous, requested that this court vacate the judgment rendered by the trial court and remand the matter with direction to enforce the terms of the settlement agreement. On March 20, 2007, the plaintiff, Barbara Waldman, filed a postargument motion for judgment seeking that, in light of the defendant's concessions, this court render a judgment award in her favor or, in the alternative, remand the matter. Consistent with this opinion, the plaintiff's March 20, 2007 motion is denied.

plaintiff, Barbara Waldman, in a personal injury matter. The defendant failed to appear in court on behalf of his client on more than one occasion, and as a result, the court rendered a judgment dismissing that action. The defendant attempted unsuccessfully to revive the lawsuit on behalf of the plaintiff in subsequent actions. See *Waldman* v. *Jayaraj*, 89 Conn. App. 709, 712, 874 A.2d 860 (summary judgment properly granted in action brought pursuant to General Statutes § 52-592, accidental failure of suit statute, because action not timely filed), cert. denied, 275 Conn. 907, 882 A.2d 680 (2005).

By complaint dated April 12, 2004, the plaintiff initiated the present matter, alleging legal malpractice on the basis of the defendant's negligence in the underlying actions. On February 15, 2006, the plaintiff filed a motion to enforce a settlement agreement reached between the parties. In that motion, the plaintiff alleged that at a February 8, 2005 pretrial conference, the parties had reached an agreement to settle the matter, whereby the defendant agreed to execute a promissory note paying to the plaintiff the amount of $20,000 within a ninety day period. The plaintiff attached as an exhibit an unsigned copy of the agreed upon promissory note, as well as an unsigned copy of a general release in which the plaintiff agreed that the defendant would be discharged from liability. The plaintiff further alleged that the parties had agreed subsequently to a slight modification of the terms of the agreement with respect to costs and late fees related to the note on February 9, 2005.[2] The following day, the defendant sent another communication, however, indicating that he no longer

---

[2] The plaintiff attached as an exhibit, copies of faxed communications between the defendant and her counsel. As set forth in that exhibit, after the defendant indicated that he would not agree to pay fees and costs to pay collection, the plaintiff's counsel sent a follow-up communication requesting that the defendant confirm that this was the last change that the defendant requested. The defendant responded: "No other changes thanks J. Beck."

agreed to pay $20,000 pursuant to the terms of the settlement agreement.

The matter came before the court for a hearing on the plaintiff's motion on March 20, 2006. At that time, the plaintiff requested that the court grant her motion to enforce the settlement agreement. The defendant did not dispute the terms of the proposed settlement agreement but argued that the agreement was unenforceable because his February 9, 2005 communication constituted a mere counteroffer that he had withdrawn effectively on February 10, 2005. At the conclusion of the hearing, the following colloquy occurred:

"The Court: Why don't we do this. Why don't I enter judgment against [the defendant] in the amount of $20,000, stay the execution of that judgment for ninety days, and that will be the case.

"[The Plaintiff's Counsel]: Upon the settlement agreement, Your Honor?

"The Court: Yes.

"[The Plaintiff's Counsel]: Very good. That's acceptable to us.

"The Court: Judgment may enter in the amount of $20,000 under [*Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 626 A.2d 729 (1993)] against [the defendant]. Judgment will be stayed for ninety days, and then if the judgment is not paid, the $20,000 is not paid . . . the plaintiff can execute on that judgment."

The court then rendered a written judgment granting the plaintiff's motion and entering an award in the amount of $20,000, under the terms stated in its oral decision. On April 7, 2006, the defendant filed a motion to reargue the decision. The court denied the defendant's motion to reargue on April 24, 2006, but indicated

that the defendant could seek to open and to vacate the judgment if the settlement was effected. This appeal followed.

On appeal, the defendant claims that the only matter before the court was the plaintiff's motion to have the court enforce the settlement agreement. The defendant argues that pursuant to the terms of the settlement agreement, the malpractice action would have been withdrawn upon his compliance with the agreement and that no judgment would enter against him. Thus, the defendant argues that the court's sua sponte decision to render a judgment against him went beyond the scope of what was before the court. The plaintiff argues that under *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, supra, 225 Conn. 811, the court had the authority to render the judgment and, therefore, its sua sponte determination was proper.

In determining whether the court went beyond the scope of the settlement agreement in rendering a judgment award against the defendant, we review the court's decision for an abuse of discretion. See *Aquarion Water Co. of Connecticut* v. *Beck Law Products & Forms, LLC*, 98 Conn. App. 234, 242, 907 A.2d 1274 (2006). A trial court has the inherent power summarily to enforce a settlement agreement as a matter of law when the terms of the settlement are clear and unambiguous and not in dispute. *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, supra, 225 Conn. 811. Where the terms of an undisputed settlement agreement have been reported on the record during the course of a significant courtroom proceeding, it is especially clear that the court has the authority to enforce a settlement "by entry of judgment in the underlying action . . . ." (Internal quotation marks omitted.) Id.

Nevertheless, the court's authority in such a circumstance is limited to enforcing the undisputed terms of

the settlement agreement that are clearly and unambiguously before it, and the court has no discretion to impose terms that conflict with the agreement. See *Janus Films, Inc.* v. *Miller*, 801 F.2d 578, 582 (2d Cir. 1986) ("[i]n determining the details of relief, the judge may not award whatever relief would have been appropriate after an adjudication on the merits, but only those precise forms of relief that are either agreed to by the parties . . . or fairly implied by their agreement" [citations omitted]). Here, the plaintiff does not dispute that the terms of the settlement agreement called for her execution of a general release that would effectively discharge the defendant's liability in the underlying matter. Thus, the court's judgment award against the defendant was directly at odds with the terms of the settlement agreement, which, in effect, required that no such judgment would enter against the defendant upon execution of the promissory note. Accordingly, we conclude that the court improperly exercised its discretion by rendering sua sponte a judgment that contradicted the terms of the settlement agreement, which the court had the power to enforce.

The judgment in favor of the plaintiff is reversed. The court's order granting the plaintiff's motion to enforce the settlement agreement is affirmed.

In this opinion the other judges concurred.