SMALL BUSINESS TRANSPORTATION, INC. *v.* ABC STORES, LLC, ET AL.
(AC 26375)

Bishop, McLachlan and Dupont, Js.

---

Argued January 13—officially released June 13, 2006

*Jeremy F. Hayden,* with whom, on the brief, were *Stephen P. Wright* and *James R. Winkel,* for the appellants (defendants).

*Gary J. Greene,* for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendants, ABC Stores, LLC (ABC), and Mohammed A. Sheikh,[1] appeal from the judgment of the trial court rendered in favor of the plaintiff, Small Business Transportation, Inc., awarding it $37,880.87. The sole issue raised on appeal is the defendant's claim that the court improperly awarded the plaintiff damages in that amount because the plaintiff's claimed damages were unenforceable. We agree and set aside the judgment of the trial court in part.

The plaintiff is an Indiana corporation with its principal place of business in Merrillville, Indiana. The purpose of the plaintiff's business is to arrange for the transportation of goods between buyers and sellers. Here, the defendant made an arrangement with the plaintiff to have goods, which the defendant purchased from a wholesaler in California, transported to the defendant's retail shop in Hartford. The defendant signed a written agreement as to the terms and conditions. The contract provided that a discounted fee would be charged if payment was made by the defendant within thirty days of the date of the invoice. If payment were not made within thirty days, then the discount would be forfeited and an unspecified higher price would apply.[2] In addition to the forfeiture of the

[1] The individual defendant in this case, Sheikh, was sued because he had guaranteed the obligations of ABC to the plaintiff, Small Business Transportation, Inc. For convenience, we refer to ABC as the defendant.

[2] The terms and conditions of the contract provided: "Payment of Charges: Allowances, discounts, exception classes and commodity rates shall apply only when charges are paid within a maximum period of 30 days from the date of invoice. In the event of default on any invoice, [the plaintiff] has the right to declare all invoices due and payable at once. Shippers who request invoices be mailed to the consignees, assume liability for charges not paid after 90 days. [The plaintiff] does NOT settle, consider or handle claims associated with shipments when [the plaintiff] is the third party responsible for freight charges. The filing of a cargo claim against carriers will not relieve payers from the terms on [the plaintiff's] invoice.

"Litigation of Delinquent Bills: Failure to make payment of freight charges for services performed which subsequently results in placement with a collection agency or legal action taken against the shipper and or the con-

discounted rate, the contract called for service charges at the rate of 2 percent per month from the date of service until the date of payment and attorney's fees of 25 percent of the amount owed. The invoices that were sent to the defendant also provided that a penalty of 19 percent would be assessed to all invoices that were past due.

The original charge for the shipments was $7251.48. The defendant concedes that payment was not made within thirty days of the invoice date.[3] After the invoice date had passed, the payment that the plaintiff claimed was due was $24,831.99, plus interest and penalties.[4] This was based on the defendant's failure to pay the freight and shipping charges within the thirty day period specified in the contract. After a trial to the court, the court found that the defendant's failure to pay entitled the plaintiff to damages, contractual interest and attorney's fees. The defendant does not challenge the plaintiff's entitlement to interest and attorney's fees. In an articulation, the court stated that it did not find that the late payment charged was an unenforceable penalty. We disagree with that assessment.

The defendant's claim raises an issue of contract interpretation, for which our standard of review is well established. "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . Because a question of law is presented, review of

signee will be subject to the following: 1) Forfeiture of all discounts, allowances, commodity rates, brokerage agreement incentives or any other rate reduction enjoyed by such shipper or consignee, if any, on all unpaid freight bills. 2) In addition to above, shipper and or consignee will be responsible for reasonable [a]ttorney fees and/or court costs associated with or as a result of suit."

[3] The charges were still unpaid at the time of trial.

[4] The total amount of the judgment for the plaintiff, as calculated by the court, including interest and attorney's fees was $37,880.87.

the trial court's ruling is plenary, and this court must determine whether the trial court's conclusions are legally and logically correct, and whether they find support in the facts appearing in the record." (Internal quotation marks omitted.) *Detar* v. *Coast Venture XXVX, Inc.*, 74 Conn. App. 319, 322, 811 A.2d 273 (2002).

The defendant claims that the portion of the contract that stated "allowances, discounts, exception clauses . . . shall apply only when charges are paid within a maximum period of (30) days from the date of invoice" was unenforceable. "In contract actions, the price must be capable of being ascertained from the contract. By this [it] is not meant that the exact amount in figures must be stated in the agreement; however, where that is not the case, the price must, by the terms of the agreement, be capable of being definitely ascertained." (Internal quotation marks omitted.) *Housing Authority* v. *Melvin*, 12 Conn. App. 711, 715, 533 A.2d 1231 (1987), cert. denied, 207 Conn. 804, 540 A.2d 74 (1988).[5] Here, the nondiscounted rate is not ascertainable by the terms of the contract. The evidence establishes that, at the time of the signing of the credit application and the subsequent telephone calls, the defendant was aware that it would forfeit the quoted discounted rate, if not timely paid, and that the discounted rate would apply only when charges were paid within thirty days. The contract, however, did not identify the amount of the "nondiscounted" rate. It was not possible, therefore, for the defendant to ascertain what the damages would be in the event of a breach. The defendant claims in its brief that "there was no agreement as to the nondiscounted amount; rather [there was] a vague contractual provision which warned the defendant that discounts would not apply when the defendant failed to pay and the matter was turned over for collections."

[5] Cf. J. White & R. Summers, Uniform Commercial Code (4th Ed. 1995) § 3-8, p. 147 (for sale of goods, court may in certain circumstances fill the gap for missing price terms).

"[C]ourts increasingly have been willing to flesh out the intended meaning of indefinite contract language by recourse to trade custom, standard usage and past dealings." *Willow Funding Co., L.P.* v. *Grencom Associates*, 63 Conn. App. 832, 844, 779 A.2d 174 (2001). Here, however, the transcript is devoid of any testimony regarding the term as used in any prior dealings between the parties,[6] nor is there evidence of trade usage of the "nondiscounted rate." Thus, there was no evidence adduced at trial that established that the nondiscounted rate was ascertainable by either the terms of the contract, with reference to the parties' prior course of conduct, or by trade usage. Accordingly, we conclude that the term "nondiscounted rate" in the parties' written agreement is so vague and indefinite as to be unenforceable.

The judgment in the amount of $37,880.87 is reversed and the case is remanded with direction to render judgment in favor of the plaintiff in the amount of $7251.48 and for further proceedings to determine, consistent with this opinion, the amount of interest and attorney's fees that the plaintiff may recover.

In this opinion the other judges concurred.

---

[6] The court found that the parties had transacted business with one another in the past. There was no evidence, however, that the defendant had failed to pay the discounted rate in the past and no evidence as to whether the term "nondiscounted rate" was previously involved in any past dealings of the parties.