AQUARION WATER COMPANY OF CONNECTICUT
ET AL. *v.* BECK LAW PRODUCTS AND
FORMS, LLC, ET AL.
(AC 26656)

Flynn, C. J., and Gruendel and Berdon, Js.

Argued April 26—officially released October 24, 2006

*Kenneth A. Beck*, for the appellants (defendants).

*Richard P. Colbert*, with whom were *Erick M. Sandler* and, on the brief, *Michael P. Shea*, for the appellees (plaintiffs).

*Opinion*

BERDON, J. The defendants, Beck Law Products and Forms, LLC, Heinz von Kuthy, Gerald Neunteufel, Peter Neunteufel and Renate Werner, appeal from the judgment of the trial court rendered in favor of the plaintiffs, Aquarion Water Company of Connecticut and BHC Company, in this summary process action. On appeal, the defendants claim that the court improperly (1) enforced an unsigned settlement agreement, (2) granted relief beyond the scope of the settlement agreement by (a) rendering judgment of possession and (b) awarding

attorney's fees and costs, and (3) failed to rule on their motion to strike, motion for default and motion to set aside orders.[1] We reverse the judgment of the trial court only as to the award of attorney's fees and costs.

The record reveals the following factual and procedural background relevant to this appeal. On October 19, 2004, the plaintiffs brought this summary process action seeking to dispossess the defendants and to confirm the plaintiffs' ownership of property located in Easton. The defendants in turn asserted special defenses and a counterclaim alleging ownership of the property by adverse possession, which the plaintiffs denied.

The parties were scheduled to argue motions at short calendar on April 27, 2005.[2] On that day, the plaintiffs' counsel told the court that the parties had agreed to

[1] We decline to review four additional claims that the defendants have raised in this appeal. First, in their statement of issues, the defendants claimed that the court improperly issued an insufficient memorandum of decision, but they failed to brief that issue. "Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Valentine* v. *LaBow*, 95 Conn. App. 436, 452, 897 A.2d 624 (2006). Second, the defendants argued in their brief that the court's grant of the plaintiffs' application for a prejudgment remedy should be vacated. The defendants failed to appeal from that ruling within seven days pursuant to General Statutes § 52-278*l* (b) and also did not amend this appeal pursuant to Practice Book § 61-9. See *Webster Trust* v. *Mardie Lane Homes, LLC*, 93 Conn. App. 401, 402 n.3, 891 A.2d 5 (2006). The third claim that we do not review is the defendants' challenge to the court's denial of their motion to recuse because they improperly raised the issue for the first time in their reply brief. See *Grimm* v. *Grimm*, 276 Conn. 377, 393 n.19, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006). Furthermore, the defendants' attempt to amend their appeal to include that claim was not successful. The record indicates that the clerk's office returned their amended appeal form as defective. The fourth and final claim that we do not review is whether the plaintiffs' action was time barred. The defendants improperly raised that claim for the first time in their reply brief.

[2] One of the motions scheduled for argument was the motion to strike filed by the defendants on April 25, 2005, which is discussed in part III.

have all of their motions marked "off" and that they had "reached a settlement in principle on the entire matter . . . ." The defendants' counsel stated that he agreed. The court then granted the request of the plaintiffs' counsel to mark the case "settled" but not "withdrawn" until the settlement could be concluded within the next thirty days. The draft of the settlement agreement was marked as exhibit one. It was a four page typed document with handwritten changes that were agreed to by counsel immediately before its presentation in court. One of those handwritten changes required the plaintiffs to provide the defendants with a letter from the department of public health designating the property at issue as class I water company land pursuant to General Statutes § 25-37c. Counsel subsequently corresponded by e-mail, making further adjustments to the settlement agreement. On May 19, 2005, the plaintiffs satisfied their obligation to provide the defendants with a letter from the department of public health. Upon receiving that letter, the defendants requested further changes to the settlement agreement.

On June 3, 2005, the plaintiffs filed an emergency motion to enforce the settlement agreement and for an award of sanctions, attorney's fees and costs. On June 6, 2005, after a hearing on the plaintiffs' motion, the court rendered judgment of possession in favor of the plaintiffs in accordance with the settlement agreement that had been marked as exhibit one on April 27, 2005. The court also stated that it would award attorney's fees upon the submission of an affidavit and after a hearing. On June 9, 2005, the defendants filed a motion to set aside the judgment, arguing, among other things, that they had not authorized their counsel to enter into the settlement agreement. The following day, the court orally ruled that the defendants would have to "pay the price" because they "thumbed their nose[s] at the deal." The court therefore awarded the plaintiffs $65,101.20

in attorney's fees and $2253.39 in costs. This appeal followed.[3]

I

The defendants first claim that the court improperly enforced an unsigned settlement agreement. The defendants argue that the settlement agreement submitted in court on April 27, 2005, was not enforceable because the parties had not arrived at a "meeting of the minds" and made further changes after that date. We disagree.

We begin by setting forth our standard of review. "The existence of a contract is a question of fact to be determined by the trier on the basis of all of the evidence." (Internal quotation marks omitted.) *MD Drilling & Blasting, Inc.* v. *MLS Construction, LLC*, 93 Conn. App. 451, 454, 889 A.2d 850 (2006). "To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *Maharishi School of Vedic Sciences, Inc. (Connecticut)* v. *Connecticut Constitution Associates Ltd. Partnership*, 260 Conn. 598, 605, 799 A.2d 1027 (2002).

---

[3] Although the record does not contain a written memorandum of decision or a signed transcript of the court's oral decisions in compliance with Practice Book § 64-1, we will review the defendants' claims because the transcript contains a sufficiently detailed and concise statement of the court's findings and conclusions in connection with its decisions. See *McCord* v. *Fredette*, 92 Conn. App. 131, 132 n.3, 883 A.2d 1258 (2005).

We first consider the defendants' argument that there had not been a "meeting of the minds." "It is a fundamental principle of contract law that the existence and terms of a contract are to be determined from the intent of the parties. . . . The parties' intentions manifested by their acts and words are essential to the court's determination of whether a contract was entered into and what its terms were. . . . Whether the parties intended to be bound without signing a formal written document is an inference of fact for the trial court that we will not review unless we find that its conclusion is unreasonable." (Internal quotation marks omitted.) *MD Drilling & Blasting, Inc.* v. *MLS Construction, LLC,* supra, 93 Conn. App. 454–55. "In order for an enforceable contract to exist, the court must find that the parties' minds had truly met. . . . If there has been a misunderstanding between the parties, or a misapprehension by one or both so that their minds have never met, no contract has been entered into by them and the court will not make for them a contract which they themselves did not make." (Internal quotation marks omitted.) Id., 456.

On April 27, 2005, the defendants' counsel agreed with the plaintiffs' counsel that the parties had "reached a settlement in principle on the entire matter . . . ." Although the parties did not sign the settlement agreement, that fact by itself is not significant. "Parties are bound to the terms of a contract even though it is not signed if their assent is otherwise indicated." *Sicaras* v. *Hartford,* 44 Conn. App. 771, 778, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997). On June 6, 2005, the court held a hearing on the plaintiffs' motion to enforce and, having determined that the parties had reached an agreement to settle, granted the motion to enforce the settlement agreement and rendered judgment thereon.[4] On the basis of the representations to

---

[1] At the hearing on the plaintiffs' motion to enforce the settlement agreement on June 6, 2005, the court noted that the agreement presented

the court by counsel on April 27 and June 6, 2005, it was reasonable for the court to have found that the parties had reached an agreement to settle on April 27, 2005.[5]

We next consider the defendants' argument that the settlement agreement presented to the court on April 27, 2005, could not have become a binding agreement because the parties made further changes to it after that date. The defendants attach great significance to those postagreement discussions. Our contract law, however, is not as constricted as the defendants assume it to be. The defendants assume that the court is precluded from finding the existence of an enforceable agreement if the parties engaged in further negotiations subsequent to the time of the agreement. We disagree.

"The fact that parties engage in further negotiations to clarify the essential terms of their mutual undertakings does not establish the time at which their undertakings ripen into an enforceable agreement. . . . [W]e have found [no authority] that assigns so draconian a consequence to a continuing dialogue between parties that have agreed to work together. We know of no authority that precludes contracting parties from engaging in subsequent negotiations to clarify or to modify the agreement that they had earlier reached. . . .

---

to the court on April 27, 2005, "was represented to the court [as] the agreement, it's an agreement."

[5] In *Maharishi School of Vedic Sciences, Inc. (Connecticut)* v. *Connecticut Constitution Associates Ltd. Partnership*, supra, 260 Conn. 598, the parties informed the court that they had reached an agreement in principle. Thereafter, negotiations between the parties continued. When the plaintiff later refused to sign the agreement, the defendant moved to enforce it. In granting the motion to enforce, the trial court reasoned that "[a] settlement agreement may be summarily enforced within the framework of the original lawsuit as a matter of law when the parties do not dispute the terms of the agreement. . . . No dispute existed between the parties at the time their counsel reached a settlement . . . ." Id., 604–605. Our Supreme Court held that the trial court properly enforced the settlement agreement. Id., 610.

"Under the modern law of contract, if the parties so intend, they may reach a binding agreement even if some of the terms of that agreement are still indefinite. . . . [General Statutes §] 42a-2-204 expressly recognizes that, if the parties so intend, they may reach a binding agreement [e]ven though one or more terms are left open . . . ." (Citations omitted; internal quotation marks omitted.) *Willow Funding Co., L.P.* v. *Grencom Associates*, 63 Conn. App. 832, 843–44, 779 A.2d 174 (2001).

Accordingly, we conclude that the court's finding that the parties had entered into an enforceable agreement on April 27, 2005, was not clearly erroneous.

## II

The defendants next claim that the court improperly granted relief beyond the scope of the settlement agreement by (1) rendering judgment of possession and (2) awarding attorney's fees.[6]

---

[6] To the extent that the defendants claim that the court improperly failed to issue any written findings of fact, conclusions of law or a memorandum of decision, we decline to afford review. "It is well established that the appellant bears the burden of providing an appellate court with an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . ." (Citations omitted; internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 328–29, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006). Without an adequate record, "[w]e . . . are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by the trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us . . . would be entirely speculative." (Internal quotation marks omitted.) Id., 329.

The defendants argue in their reply brief that their June 9, 2005 motion to set aside the order enforcing the settlement agreement should be considered a motion for articulation because the court should have ruled on that motion and clarified its orders. Specifically, the defendants argue that that motion "gave the court time to reflect on what it had done [and] consider vacating the order and judgment, [but] it did not do so. . . . [T]he court

## A

The defendants first argue that the court went beyond the scope of the settlement agreement by rendering judgment of possession because "[t]here was never [a] provision for a [j]udgment of [p]ossession in favor of [the] plaintiff. Rather, the [settlement] [a]greement was to be a series of releases of claims and an agreement to stay off [the] plaintiff's land." As our standard of review dictates, we review the court's decision for abuse of discretion.

After finding the settlement agreement enforceable on June 6, 2005, the court rendered "judgment of immediate possession of the premises . . . in accordance with" the settlement agreement of the parties. We fail to see how the court could have gone beyond the scope of the settlement agreement when it specifically rendered judgment "in accordance with" that agreement. Clearly, the judgment provides for no more relief than does the settlement agreement. Moreover, we are persuaded by the plaintiffs' argument that "[t]he settlement agreement is the functional equivalent of a judgment of possession because under its terms only [the plaintiffs] ha[ve] the right to possess the . . . property and [the plaintiffs] ha[ve] the right to exclude the [d]efendants from [their] land."[7]

---

could have, and should have, issued a [m]emorandum of [d]ecision specifying how and why it arrived at its decision." The defendants, however, cite no authority, and we have found none, that states that a motion to set aside orders should be treated as a motion for articulation.

[7] In support of their argument, the plaintiffs also point out that the defendants "withdrew their adverse possession claim to the property" in paragraph two of the settlement agreement, that "the parties stipulated that the [d]efendants would have no right to trespass upon, possess or attempt to possess the . . . property" in paragraph three of the settlement agreement, and that, in paragraph four of the settlement agreement, "the [d]efendants agreed to execute a document to be recorded on the Easton land records that would 'confirm and notify the world of [the plaintiffs'] past, present and future rightful ownership of the . . . property . . . .' "

## B

The defendants next argue that the court went beyond the scope of the settlement agreement by awarding attorney's fees and costs in favor of the plaintiffs because "[t]he intent [of the attorney's fees provision] was clearly that the [a]greement was to put to rest this action, and if a party was to breach it, then attorney's fees and costs could be awarded to the prevailing party in another action brought to enforce the [settlement] [a]greement, not this action."

The applicable standard of review in contract interpretation cases is well established. "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) *Small Business Transportation, Inc.* v. *ABC Stores, LLC*, 96 Conn. App. 14, 17, 899 A.2d 73 (2006). Because a question of law is presented, review of the trial court's ruling is plenary, and this court must determine whether the trial court's conclusions are legally and logically correct, and whether they find support in the facts appearing in the record. See id., 17–18.

On April 29, 2005, two days after counsel had presented to the court the draft of the settlement agreement, the parties finalized paragraph sixteen, relating to attorney's fees. Paragraph sixteen provides: "The Parties agree that in any *future action* related to and/or arising from this Agreement, the prevailing party as determined by the trier of fact shall be entitled to recover from the breaching party all of its attorney['s] fees and costs, including but not limited to those incurred in this Action, in addition to any other relief that Party is awarded in such action."[8] (Emphasis added.)

---

[8] On April 29, 2005, the defendants' attorney requested another revision, specifically the inclusion of the phrase "as relates to the breaching party only," after the words "all of its attorney['s] fees and costs," but he did not request any revisions to the remaining language of paragraph sixteen.

There was no "future action" on which the attorney's fees and costs were predicated. The hearing before the court was merely a continuation of the action in which the settlement agreement was finalized. Accordingly, the court improperly awarded attorney's fees and costs to the plaintiffs on the basis of the settlement agreement.[9]

### III

The defendants' final claim is that the court improperly failed to rule on their motion to strike, motion for default and motion to set aside orders. We disagree.

"When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Citation omitted; internal quotation marks omitted.) *Valentine* v. *LaBow*, 95 Conn. App. 436, 451–52, 897 A.2d 624 (2006).

The defendants filed a motion to strike on April 25, 2005. Two days later, the parties appeared in court and requested that all of their motions on the short calendar be marked "off." They further informed the court that they had arrived at a settlement. The court therefore had no need to rule on the defendants' motion to strike.

On June 6, 2005, the defendants filed a motion for default for failure to disclose defenses and for judgment of possession. That motion related to the defendants' demand for disclosure of defenses filed on April 25,

---

[9] The plaintiffs argue that the award of attorney's fees and costs could be affirmed as a sanction for the defendants' conduct. We have carefully examined the transcripts of the hearings before the court and have not found a scintilla of evidence that the court awarded attorney's fees and costs on the basis of the defendants' conduct. Although the court did not make explicit the basis for the award, the only logical conclusion is that the award was predicated on paragraph sixteen of the settlement agreement.

2005, to which the plaintiffs never responded. The plaintiffs were not required to respond to that motion because it had been marked "off" on April 27, 2005, when the parties announced their settlement. Therefore, there was no reason for a default to enter. Moreover, the court implicitly ruled on the motion for default by granting the plaintiffs' motion to enforce the settlement agreement.

On June 9, 2005, the defendants filed a motion to set aside the court's order of June 6, 2005. The court issued notice of its decisions on June 10, 2005, and also awarded the plaintiffs their attorney's fees and costs. The defendants took no action to request that the court rule expressly on the motion to set aside. We therefore do not reach this issue.

The judgment is reversed only as to the award of attorney's fees and costs and the case is remanded with direction to deny the plaintiffs' motion for attorney's fees and costs. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.