# WE 470 MURDOCK, LLC *v.* COSMOS REAL ESTATE, LLC, ET AL.

## (AC 28906)

Bishop, DiPentima and Robinson, Js.

Argued April 14—officially released August 5, 2008

*Melvin A. Simon,* for the appellant (plaintiff).

*Thomas E. Minogue, Jr.,* for the appellee (named defendant).

ROBINSON, J. The plaintiff, WE 470 Murdock, LLC, appeals from the judgment of the trial court awarding it $4650 in damages arising from a breach of contract action against the defendant Cosmos Real Estate, LLC.[1] The plaintiff claims that the court improperly interpreted the contractual language of the purchase and sale agreement when it concluded that the liquidated damages provision limited the recoverable amount to the title insurance premium. We agree and, accordingly, reverse in part the judgment of the trial court and remand the case for further proceedings.[2]

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The defendant is a limited liability corporation formed by Dina Begetis, Pagioti Begetis and Efrosene Begetis, all of whom are daughters of Asimina Begetis. On March 1, 2004, Asimina Begetis and the defendant, as owners of undivided one-half shares of the commercial property located at 470 Murdock Avenue in Meriden, listed the property for sale. Beginning in April, 2004, the plaintiff engaged in a series of negotiations with the intent of purchasing the property, a process that culminated on November 22, 2004, when the plaintiff and the defendant executed the purchase and sale agreement. Asimina Begetis was not a signatory to this agreement, nor was her ownership interest referenced in the document.

The purchase and sale agreement contained a specific provision regarding options and damages in the event

---

[1] Asimina Begetis was also a defendant in the underlying action, but she is not a party to this appeal. Therefore, we refer in this opinion to Cosmos Real Estate, LLC, as the defendant.

[2] Additionally, the plaintiff maintains that the court improperly applied the doctrines of mitigation of damages, causation and unjust enrichment to the language of the contract. Because we agree with the plaintiff's claim regarding the construction of the liquidated damages clause, we need not reach this issue.

that the defendant was unable to deliver marketable title. Initially, the defendant was "allowed a reasonable postponement of closing not to exceed thirty . . . days within which to perfect title." In the event that the purported defect was not remedied, the contract provided for two alternatives: "[The plaintiff] (i) may elect to accept such title as the [defendant] can convey, without modification of the purchase price, or (ii) may reject such title. Upon such rejection, all sums paid on account hereof, together with any expenses actually incurred by the [plaintiff] for attorney['s] fees, nonrefundable fees of lending institutions, title search costs and inspection fees (the total cost of which shall not . . . exceed the cost of fee title insurance based on the amount of the purchase price) shall be paid to the [plaintiff] without interest thereon." For the purchase price of $1.7 million, the parties stipulated that the cost of the title insurance was $4650, a sum that included a premium of $1860.

Pursuant to an amendment to the purchase and sale agreement, the closing date was set for March 1, 2005. On or about February 10, 2005, counsel for the plaintiff sent an unexecuted warranty deed referencing the joint ownership of the property by the defendant and Asimina Begetis. At that time, the defendant realized that the sale could not go forward without the consent of Asimina Begetis. The defendant was unable to procure the requisite consent, and, accordingly, the sale did not occur. Thereafter, the plaintiff submitted to the defendant an itemized list of its incurred expenses totaling $109,353.03, an amount that it believed it was entitled to pursuant to the liquidated damages clause of the purchase and sale agreement.

On December 7, 2005, the plaintiff filed a five count amended complaint against the defendant and Asimina Begetis. The defendant filed an answer and special defenses on January 2, 2007, the first special defense

alleging that pursuant to paragraph six of the agreement, any damages award was limited to the premium for the title insurance policy. Following a four day trial, the court rendered judgment in favor of the plaintiff on the breach of contract claim but found in favor of the defendant and Asimina Begetis on the remaining four counts.[3] After finding that the defendant had breached the contract, the court analyzed the liquidated damages provision of the contract to determine the appropriate damages. The court held that the liquidated damages provision was enforceable but that the amount recoverable in the event of a breach was limited to the cost of the title insurance policy. Accordingly, the court awarded the plaintiff $4650 in damages. This appeal followed. Additional facts will be set forth as necessary.

The plaintiff first claims that the court misinterpreted the liquidated damages provision of the underlying contract to place a limit on the amount of recoverable damages in the event of a breach. We agree.

We begin our analysis with the well established standard of review for the interpretation of a contract. "When a party asserts a claim that challenges the trial court's construction of a contract, we must first ascertain whether the relevant language in the agreement is ambiguous. . . . A contract is ambiguous if the intent of the parties is not clear and certain from the language of the contract itself." (Citation omitted; internal quotation marks omitted.) *David M. Somers & Associates, P.C.* v. *Busch*, 283 Conn. 396, 402–403, 927 A.2d 832

---

[3] The first and second counts sounded in breach of contract as to the defendant and Asimina Begetis, respectively. The third count alleged conspiracy to defraud by both the defendant and Asimina Begetis. The remaining two counts stated claims against Asimina Begetis alone, and included claims of tortious interference with contractual relations and misrepresentation. The court's damages award arising from its judgment as to the first count is the only subject of this appeal.

(2007). "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . Because a question of law is presented, review of the trial court's ruling is plenary, and this court must determine whether the trial court's conclusions are legally and logically correct, and whether they find support in the facts appearing in the record." (Internal quotation marks omitted.) *Small Business Transportation, Inc.* v. *ABC Stores, LLC*, 96 Conn. App. 14, 17–18, 899 A.2d 73 (2006).

"The intent of the parties as expressed in a contract is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Lighthouse Landings, Inc.*, 279 Conn. 90, 109–10, 900 A.2d 1242 (2006).

As was previously noted, in the event that marketable title was not delivered, paragraph six of the purchase and sale agreement provided the following instruction: "[The plaintiff] (i) may elect to accept such title as the [defendant] can convey, without modification of the purchase price, or (ii) may reject such title. Upon such

rejection, all sums paid on account hereof, together with any expenses actually incurred by the [plaintiff] for attorney['s] fees, nonrefundable fees of lending institutions, title search costs and inspection fees (the total cost of which shall not . . . exceed the cost of fee title insurance based on the amount of the purchase price) shall be paid to the [plaintiff] without interest thereon." The court interpreted the placement of the parenthetical as intended to modify the entire enumeration of recoverable expenses.

We conclude that the language of this provision is clear and unambiguous, and accordingly, it presents a question of law subject to plenary review. According to a common, natural and ordinary reading of the contractual language, the parties agreed to an enumerated list of recoupable expenses in the event of a breach, including "attorney['s] fees, nonrefundable fees of lending institutions, title search costs and inspection fees . . . ." Although this list is followed by a parenthetical that places a limit on the "total cost," the logical and sensible conclusion is that the use of that term in the parenthetical is limited to the total costs of the inspection fees. Interpreting the provision so that the parenthetical modifies the entire preceding list results in an illogical result that obviates the need for the enumerated list, a result that contradicts firmly established principles of contract construction. "[T]he individual clauses of a contract . . . cannot be construed by taking them out of context and giving them an interpretation apart from the contract of which they are a part. . . . A contract should be construed so as to give full meaning and effect to *all of its provisions* . . . ." (Emphasis in original; internal quotation marks omitted.) *William Raveis Real Estate, Inc.* v. *Newtown Group Properties Ltd. Partnership*, 95 Conn. App. 772, 779, 898 A.2d 265 (2006). Therefore, the court's interpretation was improper.

The judgment is reversed only as to the award of damages and the case remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.