AMICA MUTUAL INSURANCE COMPANY *v.* WELCH
ENTERPRISES, INC., ET AL.
(AC 29732)

Flynn, C. J., and Bishop and Pellegrino, Js.

Argued February 4—officially released May 12, 2009

*Susan L. Miller*, for the appellant (plaintiff).

*George A. Dagon, Jr.*, with whom, on the brief, was *Marilyn B. Fagelson*, for the appellee (defendant P.M. Pearson, Inc.).

*Opinion*

PELLEGRINO, J. The only issue in this appeal is whether the plaintiff, Amica Mutual Insurance Company, entered into a settlement agreement with the

defendant P.M. Pearson, Inc.,[1] that was clear and unambiguous and, therefore, enforceable. We do not agree with the trial court that the parties had an understanding that constituted an enforceable agreement and, therefore, conclude that there was no basis for the court to grant the defendant's motion to enforce the settlement agreement.

The following facts provide the necessary background for the disposition of the plaintiff's appeal. The plaintiff's insureds, Sean Egan and Patricia Egan, purchased a home in Farmington from the defendant. As a condition of the sale, the defendant agreed to repair a leak in the roof and Welch Enterprises, Inc. (Welch), was hired to perform the repairs. While in the process of repairing the roof, a Welch employee allegedly was responsible for causing a fire that destroyed the Egans' home. The plaintiff paid the Egans for the fire loss and subsequently instituted this action, pursuant to its rights of subrogation, to recover the moneys it had paid. The plaintiff filed suit against Welch on a theory of negligence and against the defendant on a breach of warranty. The Egans were not parties to this action. Thereafter, Welch offered to settle the plaintiff's claim for its policy limits, and the case then proceeded only as against the defendant. The controversy before this court is whether the plaintiff and the defendant entered into a clear and unambiguous agreement to settle their dispute.

The parties, through their attorneys, began exchanging settlement letters in March, 2007. On May 7, 2007, the defendant's attorney, by letter, offered to settle the plaintiff's claim for $10,000, seeking in addition a general release from both the plaintiff and the Egans. That

---

[1] Welch Enterprises, Inc., was also a defendant in this action but is not a party to this appeal. Therefore, we refer in this opinion to P.M. Pearson, Inc., as the defendant.

offer was rejected, and then, by letter dated July 5, 2007, the plaintiff's attorney agreed to accept $25,000 in full and final settlement of its claim. There was no mention in the July 5, 2007 letter that the plaintiff would provide a general release from the Egans. It is the defendant's claim that by its attorney's letter dated July 27, 2007, it accepted the plaintiff's demand to pay $25,000 in full settlement of its claim and that it expected the plaintiff to provide general releases, including a release from the Egans. The plaintiff claims that it agreed to accept $25,000 in full settlement of its claim but never agreed to provide a general release from the Egans because it did not represent the Egans, nor were they parties to the action. The defendant contends that in all of its correspondence to the plaintiff, it specifically had provided offers of payment conditioned on a release from the Egans and that never in any correspondence did the plaintiff indicate that it was unwilling or unable to provide such a release.

In its motion to enforce the settlement agreement, the defendant argued that the letters exchanged by the parties resulted in an enforceable agreement to pay the $25,000 demanded and to provide a release from the Egans. After a hearing on the defendant's motion to enforce the settlement agreement, the court found that a binding settlement agreement had been made between the parties, and it granted the defendant's motion. The court ordered the plaintiff to provide a general release executed by the Egans in exchange for the payment of $25,000 from the defendant. The court further ordered the plaintiff to withdraw its action by a certain date, or, in lieu thereof, the court directed the clerk to dismiss the action as against the defendant with prejudice. The plaintiff did not provide a release from the Egans, nor did it withdraw its action as ordered. Accordingly, the clerk dismissed the action pursuant to the court's order. This appeal followed.

The issue in this appeal is whether the letters exchanged by the parties constituted an enforceable agreement. We first start with our standard of review. "A settlement agreement is a contract among the parties." *Housing Authority* v. *DeRoche*, 112 Conn. App. 355, 370, 962 A.2d 904 (2009). "It is well settled that [w]here the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . . Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . The court's determination as to whether a contract is ambiguous is a question of law; our standard of review, therefore, is de novo." (Internal quotation marks omitted.) *Electric Cable Compounds, Inc.* v. *Seymour*, 95 Conn. App. 523, 528–29, 897 A.2d 146 (2006).

In *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 626 A.2d 729 (1993), our Supreme Court held that "a trial court may summarily enforce a settlement agreement within the framework of the original lawsuit as a matter of law when the parties do not dispute the terms of the agreement." Id., 812. Our review of the record leads us to the conclusion that there was nothing from which the court could have concluded that the plaintiff clearly and unambiguously agreed to secure a release from the Egans. There was a dispute as to the terms of the agreement. The plaintiff claimed in the trial court that it never agreed to provide a release from the Egans, as it did not represent the Egans in the subrogation action. The defendant claimed that the plaintiff's silence as to the request for the general release from the Egans meant

that the plaintiff agreed to that term.[2] Because the parties were not in agreement as to the terms of the settlement, there was a clear dispute. The court, therefore, had no basis to render judgment pursuant to *Audubon Parking Associates Ltd. Partnership*. See id. Only when the terms are clear and unambiguous can the court enforce the settlement agreement. "A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." Id., 811. Moreover, because nothing in the record indicates that the plaintiff ever agreed to get a release from the Egans, there was no meeting of the minds, and, therefore, the agreement was not enforceable. See *Aquarion Water Co. of Connecticut* v. *Beck Law Products & Forms, LLC*, 98 Conn. App. 234, 239, 907 A.2d 1274 (2006).

The judgment of dismissal is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[2] Because our resolution of the plaintiff's claim is dispositive, we need not discuss in depth the plaintiff's silence as to the defendant's request for a general release from the Egans. We simply will state that for there to be an enforceable contract, there must be a meeting of the minds between the parties. See *Aquarion Water Co. of Connecticut* v. *Beck Law Products & Forms, LLC*, 98 Conn. App. 234, 239, 907 A.2d 1274 (2006) ("In order for an enforceable contract to exist, the court must find that the parties' minds had truly met. . . . If there has been a misunderstanding between the parties, or a misapprehension by one of both so that their minds have never met, no contract has been entered into by them and the court will not make for them a contract which they themselves did not make." [Internal quotation marks omitted.]).