ALMA R. NANNI, ADMINISTRATRIX (ESTATE OF
ALFREDO J. NANNI) *v.* DINO
CORPORATION ET AL.
(AC 29340)

Flynn, C. J., and Gruendel and Harper, Js.

62

Argued March 12—officially released September 15, 2009

*Patsy M. Renzullo*, for the appellant (plaintiff).

*Andrew J. O'Keefe*, with whom was *Joseph M. Busher, Jr.*, for the appellees (defendants).

*Opinion*

HARPER, J. The plaintiff, Alma R. Nanni,[1] administratrix of the estate of Alfredo J. Nanni, appeals from the judgment of the trial court rendered following the granting of the motion to enforce the settlement agreement filed by the defendants, the Dino Corporation and Paul Nanni.[2] On appeal, the plaintiff claims that the court improperly (1) enforced the settlement agreement and (2) rendered a judgment that binds her in her capacity as an individual and an administratrix. We affirm in part and reverse in part the judgment of the trial court.

The court found the following facts. "In [her] three count complaint, the plaintiff . . . seeks appointment of a receiver of the [defendant] corporation and dissolution of the . . . corporation. The defendants . . . have counterclaimed that Alfredo Nanni, [the decedent] utilized corporate funds for his own personal use and gain . . . without authorization of the corporation or Paul Nanni, and, as a result, the defendants . . . have

---

[1] Alma Nanni is the widow of the decedent, Alfredo J. Nanni.

[2] Paul Nanni is the brother of the decedent, Alfredo Nanni. Paul Nanni and the estate of Alfredo Nanni each have a 50 percent ownership interest in Dino Corporation.

sustained damages. . . . It is undisputed that the parties entered into extensive settlement negotiations [during mediation] with *Hon. Frederick A. Freedman,* judge trial referee, on June 22, 2007. [At some point thereafter, the defendants filed a motion to enforce the settlement agreement.] The defendants argue[d] that the parties came to an agreement to settle this matter during . . . mediation, while the plaintiff argue[d] in [her objection to the motion and memorandum in support thereof] that there was really no agreement, rather just an outline which contemplated a writing to clarify its vague terms. The plaintiff additionally argue[d] that the terms of the agreement are in dispute."

After the court heard witness testimony from Paul Nanni and his daughter, Nancy Frank, the court granted the defendants' motion. The court concluded that although the parties may have contemplated that their oral agreement would be reduced to writing, the oral agreement reached on June 22, 2007, was sufficient to constitute a valid and enforceable settlement agreement. The court further concluded that the terms of the agreement were clear and unambiguous. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff claims that the court improperly enforced the settlement agreement because the agreement was not in writing. Specifically, the plaintiff asserts that because the settlement agreement was not in writing, its terms were unclear and ambiguous. We disagree.

We begin by setting forth our standard of review. Because the plaintiff essentially challenges the trial court's legal conclusion that the settlement agreement was summarily enforceable, we must determine whether that conclusion is legally and logically correct

and whether it finds support in the facts set out in the memorandum of decision. See *Thomsen* v. *Aqua Massage International, Inc.*, 51 Conn. App. 201, 204, 721 A.2d 137 (1998), cert. denied, 248 Conn. 902, 732 A.2d 178 (1999).

"Generally, [a] trial court has the *inherent power to enforce summarily a settlement agreement as a matter of law* [*only*] *when the terms of the agreement are clear and unambiguous . . . and when the parties do not dispute the terms of the agreement.*" (Citation omitted; emphasis added; internal quotation marks omitted.) Id. As a result, "the court's *authority in such a circumstance is limited to enforcing the undisputed terms of the settlement agreement that are clearly and unambiguously before it,* and the court has no discretion to impose terms that conflict with the agreement." (Emphasis added.) *Waldman* v. *Beck*, 101 Conn. App. 669, 673–74, 922 A.2d 340 (2007).

It is undisputed that there was an oral agreement between the parties. The plaintiff acknowledges that an oral outline of the terms of the settlement agreement was reached. The plaintiff, however, argues that because the oral outline was not reduced to writing, the terms of the agreement are unclear and ambiguous. The court found the oral agreement between the parties clear and unambiguous. The memorandum of decision indicates that the court based its conclusion on the uncontroverted testimony of Paul Nanni and Frank. The testimony consisted of details of the oral agreement reached between the parties and the steps taken by Judge Freedman, the mediator, at the June 22, 2007 meeting, to ensure that the parties understood the details and terms of the settlement agreement. The court noted that the plaintiff provided no witnesses to rebut the details of the settlement agreement that were testified about, nor was she able to show that the terms of the agreement were in dispute.

"[A] determination of what the parties intended to encompass in their oral agreement is a question of the intention of the parties and an inference of fact. . . . [W]hat the parties intended is normally a question of fact, reversible only if the trier of fact could not reasonably have arrived at the conclusion that it had reached." (Citation omitted; internal quotation marks omitted.) *Thomsen* v. *Aqua Massage International, Inc.*, supra, 51 Conn. App. 205. In the present case, the court heard testimony as to the details of the oral agreement at the time of the June 22, 2007 meeting. The plaintiff never disputed the testimony. The plaintiff rather asserts that because the details were not in writing, the agreement is unclear and ambiguous.

The plaintiff's assertion that the settlement agreement could not be enforced because it was not in writing is unfounded. "Whether the parties intended to be bound without signing a formal written document is an inference of fact for the trial court that we will not review unless we find that its conclusion is unreasonable." (Internal quotation marks omitted.) *Aquarion Water Co. of Connecticut* v. *Beck Law Products & Forms, LLC*, 98 Conn. App. 234, 239, 907 A.2d 1274 (2006). "[When] the factual basis of the court's decision is challenged, our review includes determining whether the facts set out in the memorandum of decision are supported by the record or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . Further, a court's inference of fact is not reversible unless the inference was arrived at unreasonably." (Internal quotation marks omitted.) *Pellow* v. *Pellow*, 113 Conn. App. 122, 125–26, 964 A.2d 1252 (2009).

The court, as the trier of fact, reasonably could have found that the parties intended to be bound by the oral outline of the terms of the settlement agreement. Further, neither party has raised a dispute as to whether

there was an intention to be bound by the terms as outlined. In addition, the fact that the settlement agreement was not reduced to writing or signed by the parties does not preclude it from binding the parties. See *Aquarion Water Co. of Connecticut* v. *Beck Law Products & Forms, LLC*, supra, 98 Conn. App. 239. The court held a two day hearing on the defendants' motion to enforce the settlement agreement, at which it heard testimony as to the terms of the agreement. The plaintiff did not offer evidence or testimony to dispute the creation of the settlement agreement.

"The test of disputation . . . must be applied to the parties at the time they entered into the alleged settlement. To hold otherwise would prevent any motion to enforce a settlement from ever being granted." *DAP Financial Management Co.* v. *Mor-Fam Electric, Inc.*, 59 Conn. App. 92, 97–98, 755 A.2d 925 (2000). There is no dispute that at the mediation, the parties created an agreement and left with a detailed understanding as to its terms.

In her brief on appeal, the plaintiff asserts that the court heard inconsistent testimony as to the terms of the settlement agreement.[3] The court heard testimony from the witnesses on "details of the agreement reached by the parties" and found any inconsistency from the testimony "factually similar . . . ." As previously mentioned, the court noted that the "plaintiff called no witnesses to rebut the details of the settlement agreement [and] was unable to show that any of the terms of the settlement agreement were in dispute by failing to call any party who believed that there was a dispute in the agreement."

"[T]he trial court, as trier of fact, determine[s] who and what to believe and the weight to be accorded

---

[3] The plaintiff refers to when Paul Nanni testified as to two different values, $21,000 versus $20,000, on a lien, thereby contradicting his own testimony.

the evidence. The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded to their testimony. . . . The trier is free to accept or reject, in whole or in part, the testimony offered by either party. . . . We have constantly held to the rule that we will not judge the credibility of witnesses or substitute our judgment for that of the trial court." (Citations omitted; internal quotation marks omitted.) *Shearn* v. *Shearn*, 50 Conn. App. 225, 231, 717 A.2d 793 (1998). Therefore, the court, as trier of fact, properly weighed the credibility of the witnesses, Paul Nanni and Frank, and relied on their testimony.

On the basis of the court's finding after the two day hearing on the defendants' motion, the lack of presentation of any evidence supporting the plaintiff's claims and the testimony from the witnesses, it was proper for the court to enforce the settlement agreement and to find that it was clear and unambiguous.

## II

The plaintiff claims that the court improperly rendered judgment enforcing the settlement agreement against her in both her capacity as administratrix of the estate of Alfredo Nanni and as an individual. We will address each aspect of this claim in turn.

## A

The plaintiff claims that the court improperly enforced the settlement agreement that binds her in her capacity as an administratrix. Other than a mere assertion in the statement of issues, the plaintiff did not brief or raise an argument as to this claim. Because the plaintiff has briefed this claim inadequately, we

decline to afford it review.[4] See *Moran* v. *Media News Group, Inc.*, 100 Conn. App. 485, 506, 918 A.2d 921 (2007).

B

Next, the plaintiff, in her representative capacity, claims that the court improperly enforced the settlement agreement because it purports to bind her in her individual capacity. The plaintiff argues that, because she was not a party to the underlying action in her individual capacity, she cannot personally be bound by the judgment. We agree that the judgment is not enforceable against the plaintiff in her individual capacity and reverse the judgment insofar as it binds the plaintiff in such capacity.

We begin our analysis by noting that the plaintiff is a party to the underlying action only in her capacity as administratrix of the estate of Alfredo Nanni. The present appeal, along with documents, pleadings and briefs filed in both this court and the trial court by the plaintiff, were executed in her representative capacity as fiduciary for the estate, not in her individual capacity. Thus, the plaintiff presents this claim in her representative capacity, not in her individual capacity.[5] Before reaching the issue, we must determine whether the

[4] We note that the plaintiff acknowledges in her brief that she "is a party only in her capacity as administratrix" and "the judgment is binding on her only in her capacity as the fiduciary of the estate."

[5] We note that the plaintiff, in her individual capacity, is not a party to the underlying action and, thus, may not appeal directly from the court's judgment. The proper vehicle for an aggrieved nonparty to obtain appellate review of a judgment is by means of a writ of error filed pursuant to Practice Book § 72-1. See *Kennedy* v. *QVC Network, Inc.*, 43 Conn. App. 851, 852, 686 A.2d 997 (1996). Thus, if the plaintiff, in her individual capacity, had, in this direct appeal, sought review of the court's decision, this court would lack jurisdiction to consider her claims. This, however, is not the case as the record does not reflect that the plaintiff, in her individual capacity, is a party to the present appeal or has attempted to raise claims in the present appeal.

estate[6] is aggrieved by the judgment purporting to bind the plaintiff in her indvidual, nonparty capacity. Stated otherwise, we must determine whether the estate has standing to raise a claim that the court's judgment improperly bound a person who was not a party to the underlying action.

"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." (Internal quotation marks omitted.) *May* v. *Coffey*, 291 Conn. 106, 112, 967 A.2d 495 (2009). "Aggrievement, in essence, is appellate standing." (Internal quotation marks omitted.) *In re Anthony A.*, 112 Conn. App. 643, 651, 963 A.2d 1057 (2009). In the appellate context, "[a]ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . We traditionally have applied the following two part test to determine whether aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision." (Internal quotation marks omitted.) Id.

We readily conclude that the estate has a personal and legal interest in the subject matter of the challenged decision.[7] The estate is a party to the action and is bound by the judgment. The memorandum of decision sets forth specific rights and duties of the estate. The

---

[6] In Connecticut, a decedent's estate is not a distinct legal entity. See *Isaac* v. *Mount Sinai Hospital*, 3 Conn. App. 598, 600, 490 A.2d 1024 (1985). We use the term "estate" in our analysis for convenience to refer to the plaintiff acting in her representative, fiduciary capacity in an effort to distinguish that from her individual capacity.

[7] The requirement of a personal and legal interest in this context simply means that the party claiming aggrievement must have a specific interest, "as distinguished from a general interest, such as is the concern of all members of the community as a whole." (Internal quotation marks omitted.) *Cannavo Enterprises, Inc.* v. *Burns*, 194 Conn. 43, 47, 478 A.2d 601 (1984).

remaining issue is whether the estate is adversely affected by the decision being challenged, specifically, that portion of the judgment that purports to bind the plaintiff in her individual capacity. The estate questions whether the judgment is enforceable against the plaintiff in her individual capacity. It is reasonable to conclude that our resolution of this issue could call into doubt the validity and structure of the entire settlement agreement enforced by the judgment. In light of these factors, and mindful of the general rule that "every presumption favoring jurisdiction should be indulged"; (internal quotation marks omitted) *Novak* v. *Levin*, 287 Conn. 71, 79, 951 A.2d 514 (2008); we conclude that the estate is adversely affected by the decision being challenged and that the plaintiff, as representative of the estate, has standing to bring the claim.

Although the plaintiff, in her individual capacity, was not a party to the underlying action to enforce the settlement agreement, the court found that the plaintiff, in her individual capacity, was one of the parties to that agreement and, hence, that it was enforceable against her. Essentially, the estate asserts that because the plaintiff, in her individual capacity, did not sign any written settlement agreement, it is not enforceable against the plaintiff in such capacity. We have already concluded that the court properly found that all of the parties to the settlement agreement had reached a clear, unambiguous and undisputed oral agreement and that the oral agreement was enforceable. We have rejected the estate's claim that, to be enforceable, the agreement had to be reduced to a writing. The estate has not advanced any additional arguments calling the enforceability of the oral agreement into question. Accordingly, we conclude that the court properly found that the plaintiff, in her individual capacity, was a party to the agreement and was bound by it.

We must, however, distinguish between the court's findings of fact concerning the applicability of the settle-

ment agreement and its judgment enforcing such agreement. We have concluded that the court properly found the facts set forth in its memorandum of decision. The court's findings of facts concerning the plaintiff in her individual capacity, however, did not afford the court a basis in law on which to bind her in its judgment because she was not a party to the action. See *East Haven* v. *AFSCME, Council 15, Local 1662*, 212 Conn. 368, 373, 561 A.2d 1388 (1989) ("a court cannot render a judgment enforceable against a nonparty"); *Graham* v. *Zimmerman*, 181 Conn. 367, 373–74, 435 A.2d 996 (1980) ("This court has no jurisdiction over persons who have not been made parties to the action before it. Any judgment rendered in this action . . . would not be binding as to them."). Thus, although the settlement agreement may be enforceable against the plaintiff in her individual capacity, the same cannot be said of the judgment. Accordingly, to the extent that the court, in its judgment, bound the plaintiff in her individual capacity, we reverse that portion of the judgment.

The judgment is reversed only insofar as it binds the plaintiff in her individual capacity and the case is remanded with direction to vacate that portion of the judgment. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.